**BOIES, SCHILLER & FLEXNER LLP**

Laura McKay (CA SBN 230049)
1999 Harrison Street, Suite 900
Oakland, California  94612
Tel.    (510) 874-1000
Fax.    (510) 874-1460
Email  lmckay@bsfllp.com

William S. Ohlemeyer (NY State Bar No. 3995651, Admitted *pro hac vice*)
Brooke A. Alexander (NY State Bar No. 4678900, Admitted *pro hac vice*)
333 Main Street
Armonk, New York 10504
Tel.    (914) 749-8200
Fax.    (914) 749-8300
Email  wohlemeyer@bsfllp.com
          balexander@bsfllp.com

Attorneys for Defendant

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA ROSALES, and CHARLICE ARNOLD, On Behalf of Herself, All Others Similarly Situated and the General Public,<br><br>      Plaintiff,<br><br>                  v.<br><br>FITFLOP USA, LLC,<br><br>      Defendant. | CASE NO.: 11-CV-00973-W-WVG<br><br>**ECF CASE**<br><br>**DEFENDANT FITFLOP USA, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE, PURSUANT TO FED.R.CIV.P. 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)**<br><br>Hearing Date:  September 26, 2011<br><br>Judge: Thomas J. Whelan, Courtroom 7 |

1

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

## NOTICE OF MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 26, 2011, or as soon thereafter as the matter can be heard, in Courtroom 7 of the Edward J. Schwartz U.S. Courthouse, located at 940 Front St., San Diego, California 92101, defendant FitFlop USA, LLC, will and hereby does, move the Court for an order dismissing Plaintiffs' First Amended Complaint in its entirety, or, in the alternative, striking Plaintiffs' class action allegations.

The motion to dismiss and motion to strike will be based on this notice of motion, the memorandum in support, and on such other matters and arguments as may be considered by the Court on or before the hearing of the motion.  Pursuant to Local Rule 7.1(d)(1), there shall be no oral argument on the motion.

DATED:  August 15, 2011                         BOIES, SCHILLER & FLEXNER LLP


By: /s/ William S. Ohlemeyer


Laura McKay (CA SBN 230049)
**BOIES, SCHILLER & FLEXNER LLP**
1999 Harrison Street, Suite 900
Oakland, California  94612
Tel.    (510) 874-1000
Fax.    (510) 874-1460
Email  lmckay@bsfllp.com

William S. Ohlemeyer (NY State Bar No. 3995651, Admitted *pro hac vice*)
Brooke A. Alexander (NY State Bar No. 4678900, Admitted *pro hac vice*)
**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street
Armonk, New York 10504
Tel.    (914) 749-8200
Fax.    (914) 749-8300
Email  wohlemeyer@bsfllp.com;
           balexander@bsfllp.com

Attorneys for Defendant

2

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the following document(s):

- **FITFLOP USA, LLC'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'
  FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE,
  PURSUANT TO FED.R.CIV.P. 12 (b)(6) AND 12(f)**

To be delivered **via CM/ECF** upon all counsel of record as indicated/listed on the United States District Court, Southern District of California's CM/ECF registered e-mail list in the referenced matter.

Executed this 15th day of August, 2011, at Oakland, California.


/s/ Laura McKay                                    
lmckay@bsfllp.com

*Motion to Dismiss/Motion to Strike*

11-cv-00973-W-WVG

**BOIES, SCHILLER & FLEXNER LLP**

Laura McKay (CA SBN 230049)
1999 Harrison Street, Suite 900
Oakland, California  94612
Tel.    (510) 874-1000
Fax.    (510) 874-1460
Email   lmckay@bsfllp.com

William S. Ohlemeyer (NY State Bar No. 3995651, Admitted *pro hac vice*)
Brooke A. Alexander (NY State Bar No. 4678900, Admitted *pro hac vice*)
333 Main Street
Armonk, New York 10504
Tel.    (914) 749-8200
Fax.    (914) 749-8300
Email   wohlemeyer@bsfllp.com
          balexander@bsfllp.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA ROSALES, and CHARLICE ARNOLD, On Behalf of Herself, All Others Similarly Situated and the General Public, <br><br> Plaintiff, <br><br> v. <br><br> FITFLOP USA, LLC, <br><br> Defendant. | CASE NO.: 11-CV-00973-W-WVG <br><br> **ECF CASE** <br><br> **DEFENDANT FITFLOP USA, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE, PURSUANT TO FED.R.CIV.P. 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> **NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)** <br><br> Hearing Date: September 26, 2011 <br><br> Judge: Thomas J. Whelan, Courtroom 7 |

*Motion to Dismiss/Motion to Strike*

1
2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

I.      INTRODUCTION AND SUMMARY OF ARGUMENT.................................1

II.     BACKGROUND..............................................................................................2

III.    LEGAL STANDARD ......................................................................................3

IV.     ARGUMENT ...................................................................................................4

   A.   The Complaint Must Be Dismissed For Failure To Plead With Particularity
        Under Rule 9(b)..........................................................................................4

   B.   The Complaint Must Be Dismissed For Failure to State a Breach of Express
        Warranty Claim. .........................................................................................7

   C.   Plaintiff Lacks Standing To Sue In An Individual Or Representative Capacity.............8

        1.   Plaintiff lacks standing to sue under California law. ...........................8

        2.   Plaintiff lacks standing to sue under Article III. ................................9

   D.   Plaintiff Failed to Provide Notice of Her CLRA Damages Claim. .................10

   E.   In The Alternative, Plaintiff's Demand For Class Certification Should Be
        Stricken In Its Entirety Under Fed. R. Civ. P. 12(f)........................................11

        1.   Individual Issues Overwhelmingly Predominate. ............................. 13

        2.   Plaintiff's Proposed Class Lack Standing and Ascertainability......................... 14

   F.   In The Alternative, Plaintiff's Demand For A Unbounded Class Should Be
        Stricken Under Fed. R. Civ. P. 12(f)......................................................15

        1.   Individuals outside the country must be excluded from the class...................... 15

        2.   Individuals outside California must be excluded from the class........................ 16

V.      CONCLUSION ..............................................................................................18

i

i

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

# TABLE OF AUTHORITIES

## CASES

*In re Actimmune Marketing Litigation*,
   No. C-08-02376 MHP, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) .................. 4, 6, 7

*Adashunas v. Negley*,
   626 F.2d 600 (7th Cir.1980) ................................................................. 14

*Amchem Products, Inc. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................ 13

*Animal Legal Defense Fund v. Mendes*,
   160 Cal. App. 4th 136 (2008) ................................................................ 9

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .................................................................... 3, 10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................ 3, 10

*Bersch v. Drexel Firestone, Inc.*,
   519 F.2d 974, 996 (2d Cir.1975),  *reversed on other grounds*
   221 F.3d 870 (6th Cir. 2000) .......................................................... 15, 16

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009) ................................................................. 9

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D.Cal.1996) .................................................... 4, 11

*Cattie v. Wal-Mart Stores, Inc.*,
   504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................... 10

*Cole v. General Motors Corp.*,
   484 F.3d 717 (5th Cir.2007) ................................................................ 16

*Davis v. Chase Bank U.S.A., N.A.*,
   650 F. Supp. 2d 1073 (C.D. Cal. 2009) ................................................. 10

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006) ................................................................ 14

*Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor
   Capital Advisors*, 498 F.3d 920 (9th Cir. 2007) ........................................ 9

*In re Flash Memory Antitrust Litigation*,
   C 07-0086 SBA, 2011 WL 1301527 (N.D. Cal. Mar. 31, 2011) ................ 15

*General Telegraph Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ............................................................................ 12

*Gustafson v. Polk County, Wis.*,
   226 F.R.D. 601 (W.D. Wis. 2005) ............................................... 14, 15, 17

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

ii

*Henry v. Allstate Insurance Co.*,
  No. 07-1738, 2007 WL 2287817 (E.D. La. Aug. 8,2007) .......................................... 12

*Hypertouch, Inc. v. Azoogle.com, Inc.*,
  2010 WL 2712217 (9th Cir. July 9, 2010) ................................................................... 4

*Innovative Physical Therapy, Inc. v. MetLife Auto & Home*,
  No. 07-5446 (JAP), 2008 WL 4067316 (D.N.J. Aug. 26, 2008) ............................... 17

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)..........................................................................*Passim*

*Laney v. Am. Std. Cos.*,
  No. 07-3991 (PGS), 2010 WL 3810637 (D.N.J. Sept. 23, 2010) .............................. 14

*Laster v. T-Mobile USA, Inc.*,
  407 F. Supp. 2d 1181 (S.D. Cal. 2005) ..................................................................... 10

*Lee v. American National Insurance Co.*,
  260 F.3d 997 (9th Cir. 2001)................................................................................ 9, 10

*Luna v. Del Monte Fresh Produce (Southeast), Inc.*,
  354 F. App'x 422 (11th Cir. 2009)............................................................................ 13

*Marolda v. Symantec Corp.*,
  672 F. Supp. 2d 992 (N.D. Cal. 2009) ................................................................. 5, 6, 7

*Martin v. Dahlberg, Inc.*,
  156 F.R.D. 207 (C.D.Cal.1994) ................................................................................ 16

*Meyer v. Sprint Spectrum L.P.*,
  45 Cal. 4th 634 (2009)........................................................................................... 8, 9

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993).......................................................................................... 7

*Ortiz v. McNeil-PPC, Inc.*,
  07CV678-MMA(CAB), 2009 WL 1322962 (S.D. Cal. May 8, 2009) ...................... 16

*Oshana v. Coca-Cola Co.*,
  225 F.R.D. 575 (N.D. Ill. 2005) ............................................................................... 14

*Outboard Marine Corp. v. Superior Court*,
  52 Cal. App. 3d 30 (1975)................................................................................... 10, 11

*Peterson v. Cellco Partnership*,
  164 Cal. App. 4th 1583 (2008)................................................................................... 9

*In re Phenylpropanolamine (PPA) Products Liability Litigation*,
  208 F.R.D. 625 (W.D. Wash. 2002)........................................................................... 14

*Pilgrim v. Universal Health Card, LLC*,
  No.5:09CV879, 2010 WL 1254849 (N.D. Ohio Mar. 25, 2010) .............................. 17

*Rodney v. Nw. Airlines, Inc.*,
  146 F. App'x 783 (6th Cir. 2005)........................................................................ 13, 14

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

iii

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................... 4, 7, 11, 12

*Sanders v. Johnson & Johnson, Inc.*,
   No. 03-2663, 2006 WL 1541033 (D.N.J. June 2, 2006) ............................................ 17

*Siegel v. Shell Oil Co.*,
   256 F.R.D. 580 (N.D. Ill. 2008) ............................................................................ 17

*Smith v. Lyons, Doughty & Veldhuius, P.C.*,
   No. 07-5139, 2008 WL 2885887 (D.N.J. July 23, 2008) ......................................... 12

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-2746 JF (PVT), 2009 WL 1635931 (N.D. Cal. June 5, 2009) ...................... 10

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-2746 JF (PVT), 2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ...................... 12

*Steering Committee v. Exxon Mobil Corp.*,
   461 F.3d 598 (5th Cir. La. 2006).............................................................................. 14

*In re Telectronics Pacing Sys.*,
    No. MDL 1057, 1996 U.S. Dist. LEXIS 11088 (S.D. Ohio Feb. 22, 1996) ........ 15, 16

*Thompson v. Merck & Co.,Inc.*,
   No. C.A. 01-1004, C.A. 01-1328, C.A. 01-3011, C.A. 01-6029, C.A.
   02-1196, C.A. 02-4176, 2004 WL 62710 (E.D. Pa. Jan. 6, 2004) ................... 4, 11, 12

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009)............................................................................................... 9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003).................................................................................... 5

*Von Grabe v. Sprint PCS*,
   312 F. Supp. 2d 1285 (S.D. Cal. 2003) ............................................................... 10, 11

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) ............................................................................................ 13

*Wilens v. TD Waterhouse Group, Inc.*,
   120 Cal. App. 4th 746 (2003)..................................................................................... 8

*Williams v. Beechnut*,
   185 Cal. App. 3d 135 (1986)...................................................................................... 7

*In re Worldcom, Inc.*,
   343 B.R. 412 (Bankr. S.D.N.Y. 2006) ...................................................................... 15

*Yumul v. Smart Balance, Inc.*,
   CV 10-00927 MMM (AJWx) 2010 WL 3359663 (C.D. Cal.
   May 24, 2010) .................................................................................................. 4, 5, 6, 7

*Zinser v. Accufix Research Institute, Inc.*,
   253 F.3d 1180 (9th Cir. 2001), *opinion amended on denial of reh'g*,
   273 F.3d 1266 (9th Cir. 2001)................................................................................... 17

*Motion to Dismiss/Motion to Strike*

11-cv-00973-W-WVG

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ......................................................................................*Passim*

Cal. Bus. & Prof. Code § 17203 ...................................................................................... 8

Cal. Bus. & Prof. Code § 17204 ......................................................................................*Passim*

Cal. Civ. Code § 1750 ......................................................................................................*Passim*

Cal. Civ. Code § 1780 ......................................................................................................*Passim*

Cal. Civ. Code § 1782 ...................................................................................................... 1, 10

Cal. Com. Code § 2607 .................................................................................................... 7

Fed. R. Civ. P. 9 ..............................................................................................................*Passim*

Fed. R. Civ. P. 12 ............................................................................................................4, 11, 15

Fed. R. Civ. P. 23 ............................................................................................................*Passim*

**OTHER**

Manual for Complex Litigation § 30.14 (3d ed. 1999) ...................................................... 15

U.S. Constitution, article III ............................................................................................ 1, 9

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff Charlice Arnold ("Plaintiff") filed the present First Amended Complaint[1] alleging a broad range of misleading marketing and advertising related to Defendant FitFlop USA, LLC's ("FitFlop" or "Defendant") footwear.  Plaintiff's complaint is fatally defective for the following independently sufficient reasons.  <u>First</u>, Plaintiff neglects to plead essential facts about her purchase, including details about the marketing materials she allegedly relied upon in purchasing her footwear, and which marketing claims were material to her purchase, as she must under Fed. R. Civ. P. 9(b).  <u>Second</u>, Plaintiff failed to state a breach of express warranty claim because she did not plead the exact terms of the warranty she seeks to enforce.  <u>Third</u>, Plaintiff lacks standing to sue in an individual or representative capacity, both under California law and Article III.  <u>Fourth</u>, Plaintiff failed to serve the notice strictly required under Cal. Civ. Code § 1782 to pursue a claim for damages.

In the alternative, Defendant moves to strike Plaintiff's class action allegations in their entirety for the following two independently sufficient reasons.  <u>First</u>, the class is not ascertainable because it purports to contain individuals who do not have standing to sue.  <u>Second</u>, the proposed class does not meet the predominance requirement because, by its terms, individual issues predominate over issues common to the class.

In the alternative, Defendant moves to strike Plaintiff's class action allegations as to those Plaintiff's without ties to California for the following independently sufficient reasons.  Plaintiffs demand for a class unbounded by geography or governing law should be stricken on the grounds that it would violate Fed. R. Civ. P. 23's predominance and superiority grounds, and creates unnecessary manageability and administration issues.

---

[1] On May 4, 2011, a Complaint was filed by Plaintiff Arianna Rosales.  On May 31, 2011, FitFlop filed a Motion to Dismiss, or, in the alternative, a Motion to Strike.  Plaintiff Rosales requested an extension to amend her Complaint, and the parties agreed upon said extension.  On July 15, 2011, the First Amended Complaint was filed by Plaintiff Rosales, and new Plaintiff Arnold.  On July 21, 2011, Plaintiff Rosales withdrew from the case.

## II.   BACKGROUND

Accepting the allegations in the Complaint as true, as Defendant must for purposes of this motion, Plaintiff alleges that Defendants manufacture, market and sell a line of footwear through retail outlets and third-party websites, and that various styles of the footwear are sold at a "significant price premium" due to the specific benefits claimed. (Complaint ¶ 7.)  Plaintiff, however, alleges that Defendant's advertising contains "deceptive health benefit claims."  (*Id.)* Plaintiff contends that the FitFlop is "not proven to provide any of these benefits," and "may cause or exacerbate the very type of problems Defendant claims its footwear protects against." (*Id.* at ¶ 3.)

Plaintiff alleges only that she "was exposed to Defendant's deceptive labeling and advertising claims" and purchased "in reliance on the truth of these claims."  (*Id.* at ¶ 10.). Despite outlining a plethora of different advertising claims in her Complaint, Plaintiff does not indicate to which advertisement(s), slogan(s), claim(s) or other statistic(s) she was exposed prior to her decision to purchase.  Plaintiff merely identifies three benefits she read about in a catalog published by a third party.  She does not provide a copy of the specific advertisement with which she takes issue.

Additionally, Plaintiff fails to plead the following essential facts, each of which are within her knowledge alone: (1) which of Defendant's products she purchased, (2) how she used the products (3) how often she used the products, and (4) how she was harmed or benefited from her use of the products.  She states only that she would not have purchased the products if she had known the advertising was false.

Plaintiff has also failed to plead her theory of damages with adequate specificity.  She does not allege what percentage of the sales price she believes was reasonable, or what percentage she attributes to the premium resulting from the advertised benefits.

Plaintiff is also attempting to certify an unbounded class based upon California state law claims.  Plaintiff purports to state claims for unlawful, fraudulent and unfair conduct in violation of the Unfair Competition Law, California Business & Professions Code § 17200 *et seq.* (the "UCL") (*Id.* ¶¶ 54-67) and violation of the Consumer Legal Remedies Act, California

*Motion to Dismiss/Motion to Strike*

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1   Civil Code § *et seq.* ("CLRA") (*Id.* ¶¶ 68-77). She also pleads a claim for Breach of Express

2   Warranty under the common law (*Id.* ¶¶ 78-83).

3        Plaintiff asks the Court to certify a class under Rule 23(a) and (b)(3) consisting of "[a]ll

4   persons who purchased Defendant's FitFlop footwear until the date notice is provided to the

5   class." (*Id.* ¶ 47.) The proposed class is not limited by country, state, purchase location,

6   residence location, type of footwear, price paid, reason for purchase, exposure to or reliance

7   upon Defendant's advertising campaigns in general, exposure to or reliance upon any specific

8   advertisement, slogan, or statistic, or harm allegedly suffered as a result.

9        Plaintiff seeks damages, restitution and disgorgement, declaratory and injunctive relief,

10  mandatory injunction ordering a corrective advertising campaign, attorneys' fees and costs, and

11  pre-judgment and post-judgment interest. (*Id.* at Prayer.)

12  **III.    LEGAL STANDARD**

13       To survive a motion to dismiss under Rule 12(b)(6), a complaint's factual

14  allegations "must be enough to raise a right to relief above the speculative level[.]"

15  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a

16  cause of action, supported by mere conclusory statements, do not suffice."); *Ashcroft v. Iqbal*,

17  129 S.Ct. 1937, 1949 (2009).  The standards enunciated in *Twombly* and *Iqbal* apply to all

18  complaints in federal court, but the complaint in this case is subject to an even more exacting

19  standard under Fed. R. Civ. P. 9(b).

20       Plaintiff alleges generally that she suffered monetary harm; however, she provides no

21  factual basis for the assertion.[2]  Claims based on allegedly misleading advertising under the

22  UCL and CLRA, such as those at bar, are subject to the heightened pleading requirements of

23  Rule 9(b).[3]

24

25  _____

    [2] Complaint ¶10 ("Plaintiff Arnold was exposed to Defendant's deceptive labeling and advertising claims,

26  purchased the premium-priced FitFlop Footwear in reliance on the truth of these claims and suffered injury in fact
    and lost money as a result of Defendant's unlawful conduct by purchasing the premium-priced FitFlop Footwear

27  that did not conform to Defendant's promise that FitFlop Footwear would provide toning, posture and muscle
    activation benefits that ordinary footwear, including oridinary flip flops and sandals, do not provide.")
    [3] *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("The requirement in Rule 9(b) of the

28  Federal Rules of Civil Procedure that allegations of fraud be pleaded with particularity applies to claims which are
    made in federal court under the CLRA and UCL.") (affirming dismissal for failure to support claims of misleading

3                                                                                        3

Fed. R. Civ. P. 12(f) provides that "any insufficient defense or any redundant, immaterial, or impertinent and scandalous matter" may be stricken from a Complaint.  Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.  *See Thompson v. Merck & Co.,* No. C.A. 01-1004, C.A. 01-1328, C.A. 01-3011, C.A. 01-6029, C.A. 02-1196, C.A. 02-4176, 2004 WL 62710, *5 (E.D.Pa. Jan. 6, 2004).  The Court may strike "impertinent" matters from the pleadings "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D.Cal.1996).  Notwithstanding Plaintiff's attempt to allege a certifiable class, it is not premature to consider a Motion to Strike.  *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009).

## IV.   ARGUMENT

### A.  The Complaint Must Be Dismissed For Failure To Plead With Particularity Under Rule 9(b).

While Plaintiff devotes dozens of pages to describing the bad acts allegedly committed by the Defendant, she spends only one paragraph discussing the transaction she claims produced harm to her.  She fails to provide such basic facts as the date of her purchase, and the model of shoes purchased.  Additionally, Plaintiff fails to identify any advertisement that she actually saw or relied upon; Plaintiff states only three general claims that she saw in a third party catalog prior to her purchase.  Plaintiff does not provide the actual language of this third party advertisement, much less a reproduction or photocopy which shows the entire advertisement in context.  Plaintiff also fails to identify how she lost money or property as a result of the Defendant's alleged conduct.  In short, Plaintiff "fail[s] to articulate the who, what,

---

marketing under UCL and CLRA with factual particularity); *see also Hypertouch, Inc. v. Azoogle.com, Inc.*, 2010 WL 2712217, at *1 (9th Cir. July 9, 2010). "[T]o satisfy the pleading requirements of Rule 9(b), a complaint must plead the 'who, what, when, where and how' of the misconduct charged, and further must 'set forth what is false or misleading about a statement, and why it is false.'" *Yumul v. Smart Balance, Inc.*, 2010 WL 3359663, at *3 (C.D. Cal. May 24, 2010) (internal quotation marks and citations omitted); *see also In re Actimmune Mktg. Litig.*, No. C-08-02376 MHP, 2009 WL 3740648, at *6 (N.D. Cal. Nov. 6, 2009) (same).

4                                                                                                    4

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1   when, where, and how of the misconduct alleged" as required by Rule 9(b), and her complaint

2   must therefore be dismissed.  *See Kearns*, 567 F.3d at 1126.

3       In *Kearns*, the plaintiff alleged that the Ford Motor Company conspired with

4   its dealerships to misrepresent the safety and reliability of its Certified Pre-Owned ("CPO")

5   vehicles. *Id.* at 1122-23.  Specifically, Kearns contended that Ford misrepresented the quality

6   of the complete repair and accident-history report for CPO vehicles, the level of training of

7   CPO technicians, and the rigorousness of the certification inspection in order "to provide the

8   consumer with a sense of security that their CPO has passed a rigorous inspection, has an

9   extended warranty, and therefore is more safe, more reliable, and more roadworthy than a

10  regular used vehicle." *Id.* at 1123.  Kearns alleged that the inspection was not rigorous, the

11  warranty did not cover all components, and that CPO vehicles were not any safer, more

12  reliable, or more roadworthy than a regular used vehicle. *Id.*

13      In affirming the district court's dismissal of Kearns' complaint with prejudice, the Ninth

14  Circuit first decisively rejected the argument that Rule 9(b) does not apply to claims brought in

15  federal court under California's UCL and CLRA. *Id.* at 1124-25.  The Court reiterated that "the

16  Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of subject

17  matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.'"

18  *Id.* at 1125 (quoting *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir. 2003)).  And

19  the Court emphasized that it had already "specifically ruled that Rule 9(b)'s heightened

20  pleading standards apply to claims for violations of the CLRA and UCL" in the *Vess* case.  *Id.*

21  The Court also rejected Kearns' further arguments that some of his claims did not sound in

22  fraud and were therefore not subject to Rule 9(b) and that claims based on nondiclosures as

23  opposed to affirmative misrepresentations were not subject to Rule 9(b).  *Id.* at 1126-27; *see*

24  *also Yumul*, 2010 WL 3359663, at *3-4 (applying *Kearns*, dismissing claims in putative class

25  allegations that a margarine manufacture's health-related advertising violated the CLRA, UCL

26  and California's False Advertising Act because the plaintiff did not satisfy Rule 9(b)'s pleading

27  requirements); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1001-05 (N.D. Cal. 2009)

28  (applying *Kearns*, dismissing CLRA and UCL claims where the complaint failed to satisfy

5                                                                              5

Rule 9(b)); *In re Actimmune Litig.*, 2009 WL 3740648, at *8-9, 10-14, 26 (applying *Kearns*, dismissing claims of deceptive marketing of drug for treatment of diseases for which it was neither effective nor approved by FDA).

Like the complaints dismissed in *Kearns*, *Yumul*, *Marolda*, and *Actimmune*, the Complaint recites a course of allegedly fraudulent conduct by the Defendants, but it fails to meet even the most basic requirements of Rule 9(b) . The words of *Kearns* are directly applicable here:

> Nowhere in the TAC does Kearns specify **what** the television advertisements or other sales material specifically stated. Nor did Kearns specify **when** he was exposed to them or **which** ones he found material. Kearns also failed to specify which sales material he relied upon in making his decision to buy a CPO vehicle. Kearns does allege that he was specifically told "CPO vehicles were the best used vehicles available as they were individually hand-picked and rigorously inspected used vehicles with a Ford-backed extended warranty." Kearns does not, however, specify who made this statement or when this statement was made. Kearns **failed to articulate the who, what, when, where, and how of the misconduct alleged.** The pleading of these neutral facts fails to give Ford the opportunity to respond to the alleged misconduct. Accordingly, these pleadings do not satisfy the requirement of Rule 9(b) that "a party must state with particularity the circumstances constituting fraud...."  Because Kearns failed to plead his averments of fraud with particularity, we affirm the district court's dismissal of his TAC.

*Id.* at 1126 (emphasis added); *see also Yumul*, 2010 WL 3359663, at *4; *Marolda*, 672 F. Supp. 2d at 1001-05; *In re Actimmune Litig.*, 2009 WL 3740648, at *8-9, 10-14, 26.

In actuality, the complaint in this case is even more deficient than the one dismissed in *Kearns* because Plaintiff does not even plead a specific statement or representation that she heard prior to purchase.  Plaintiff pled only three general statements she saw in a third party catalog prior to purchase.  Even the facts that are peculiarly within Plaintiff's own knowledge—such as the date of purchase, the model purchased, the particular advertisements she saw and relied upon, the specific claims that were material to her purchase, the harm that she supposedly suffered as a result, etc.—are omitted.  This is clearly not a situation where Plaintiff can evade the strict application of Rule 9(b) by claiming that Defendant has exclusive

*Motion to Dismiss/Motion to Strike*

knowledge of these facts.  *See*, *e.g.*, *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Plaintiff is the only one who can know these facts, and she has manifestly failed to state them.

For the reasons above, the Complaint must be dismissed for failure to plead essential

facts of her transaction with the particularity required under Rule 9(b).[4]

### B. The Complaint Must Be Dismissed For Failure to State a Breach of Express Warranty Claim.

"To plead an action for breach of express warranty under California law, a plaintiff

must allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a

breach of warranty which proximately caused plaintiff's injury.  *Williams v. Beechnut Nutrition*

*Corp.,* 185 Cal.App.3d 135, 142, 229 Cal.Rptr. 605 (1986).  A plaintiff also must plead that he

provided the defendant with pre-suit notice of the breach. California Commercial Code §

2607."  *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 986-87 (N.D. Cal. 2009).  Plaintiff has

failed to make each of these requisite showings.

First, as discussed above, Plaintiff has plead only that she was, generally, exposed to

Defendant's advertising, and relied upon it.  She has stated no specific claims or advertisements

on which she relied.  As such, she has not claimed what the "exact terms of the warranty" are.

Without that, any claim of reliance is without meaning, and grossly insufficient to provide

Defendant with notice of Plaintiff's claim.  Third, Plaintiff cannot prove any breach without

proving which of Defendant's array of advertisements she was exposed to, and which she

found material to her decision to purchase.

Fourth, as explained above, Plaintiff has plead only that she "suffered injury in fact and

lost money."  (Complaint ¶10)  With no explanation or elaboration as to how she was injured,

or how Defendant's product caused said injury, the Court should not allow her to pursue a

claim for Breach of Express Warranty.

---

[4] *See Kearns*, 567 F.3d at 1127-28; *Yumul*, 2010 WL 3359663, at *3-4; *Marolda*, 672 F. Supp. 2d at 1001-05; *In re Actimmune Litig.*, 2009 WL 3740648, at *8-9, 10-14, 26.

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

## C. Plaintiff Lacks Standing To Sue In An Individual Or Representative Capacity

### 1.   Plaintiff lacks standing to sue under California law.

Claims under the CLRA and UCL have well-established standing requirements.  Under both statutes, in order to pursue a claim on behalf of herself or others, the plaintiff must have suffered an injury-in-fact actually caused by the defendant's alleged wrongdoing.  Moreover, under the UCL a representative plaintiff must establish that she lost money or property as a result of the alleged unfair competition.  Here, Plaintiff fails on both counts: She does not plead facts showing that she ever used the product ***and*** suffered such an injury-in-fact as a result of Defendant's alleged misstatements, or that she lost money or property as a result.  Plaintiff has pled only that she purchased the product some time in 2009, and now believes the advertising to be false.  She states no basis for her belief, and does not, in fact, plead that she ever used the product in the time she owned it.  She therefore lacks standing to sue on her own behalf or on behalf of others, and her complaint must accordingly be dismissed.

A CLRA claim can only be brought by a plaintiff "who suffers any damage *as a result*" of the allegedly unlawful act.  Cal. Civ. Code § 1780(a) (emphasis added); *see also Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754, (2003) ("Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof.").  "The statute speaks plainly about the use of an unlawful practice causing or resulting in some sort of damage.  Thus, the statute provides that in order to bring a CLRA action, not only must a consumer be exposed to an unlawful practice, but some kind of damage must result."  *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009).

The UCL similarly limits claims to plaintiffs "who ha[ve] suffered injury in fact and ha[ve] *lost money or property as a result* of the" alleged wrongful conduct. Cal. Bus. & Prof. Code § 17204 (emphasis added).  The same requirement applies expressly to representative plaintiffs.  *See id.* § 17203 ("Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204.") California courts have defined an "injury-in-fact" for purposes of the UCL as an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

conjectural or hypothetical. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1589-1590 (2008), *rev. denied*, Oct. 1, 2009. An injury-in-fact must be "distinct and palpable." *Id.* Further, it must entail an economic loss. *See Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 147 (2008). Finally, a UCL plaintiff must plead facts demonstrating that her injury-infact resulted from Defendants' alleged misconduct. *See In re Tobacco II Cases*, 46 Cal.4th 298, 328 (2009) ("[P]laintiff must allege that the defendant's misrepresentations were an immediate cause of the injury-causing conduct.").

Here, Plaintiff avers generally that she "was exposed to and saw the claims of the Defendant's advertising and marketing campaign, purchased FitFlop Footwear in reliance on these claims, and suffered injury in fact and lost and money as a result." (*Id.* ¶ 10.) She identifies only general statements in a third party's catalog that she was exposed to, or relied upon, in making her decision to purchase. She fails to identify any statement by Defendant that she alleges actually induced her purchase, and she does not specify how she was injured or lost money as a result of anything the Defendant allegedly said. In short, Plaintiff fails to satisfy the causation and monetary harm requirements for standing under the CLRA and UCL. *See Meyer*, 45 Cal. 4th at 641; *In re Tobacco II Cases*, 46 Cal.4th at 328.

### 2.     Plaintiff lacks standing to sue under Article III.

Assuming *arguendo* that Plaintiff had standing to sue Defendant under state law, she nevertheless lacks standing to sue in federal court under Article III of the U.S. Constitution. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 n.4 (9th Cir. 2009) (affirming dismissal because "[i]n addition to meeting the UCL's standing requirements, the plaintiffs must also satisfy the federal standing requirements under Article III"). "Standing is the threshold issue of any federal action, a matter of jurisdiction because the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) (quotation omitted). To establish standing under Article III, a plaintiff must show, among other things, "that [s]he has actually been injured by the defendant's challenged conduct." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-1002 (9th Cir. 2001); *see*

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

9                                                                                          9

1   *also id.* ("[A] plaintiff whose cause of action is perfectly viable in state court under state law

2   may nonetheless be foreclosed from litigating the same cause of action in federal court if he

3   cannot demonstrate the requisite injury.").

4   As demonstrated above, Plaintiff fails to plead facts showing that she suffered any

5   injury causally linked to Defendant's alleged misconduct. In fact, her complaint is so

6   threadbare that it does not even plead whether or how she used the product, and whether she

7   received benefits or was harmed as a result of her use, if any. Plaintiff offers only

8   "[t]hreadbare recitals," *Iqbal*, 129 S. Ct. at 1949, that do not raise her "right to relief above the

9   speculative level[.]" *Twombly*, 550 U.S. at 545. She therefore lacks standing to pursue her

10  claims in federal court, even if she might otherwise pursue them in state court.

11  **D. Plaintiff Failed to Provide Notice of Her CLRA Damages Claim.**

12  The CLRA requires written notice to the defendant at least thirty days prior to

13  commencement of an action seeking damages. *See* Cal. Civ. Code § 1782(a); *Outboard*

14  *Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40-41 (1975) ("[T]he clear intent of the

15  [CLRA] is to provide and facilitate *precomplaint* settlements of consumer actions wherever

16  possible and to establish a limited period during which such settlement may be accomplished.")

17  (emphasis added).

18  Here, Plaintiff did not send her "30-day letter" before commencing suit as the

19  CLRA requires. Rather, she filed the complaint on May 4, 2011, and allegedly served the 30-

20  day letter that same day, not 30 days before. Dismissal of the CLRA damages claims is

21  therefore compulsory. In *Stearns v. Select Comfort Retail Corp.*, the district court struck

22  "without leave to amend" a CLRA damages claim due to the late filing of the 30-day letter.[5]

23  The Court should strike the CLRA damages claim without leave to amend. *See*

24  *Outboard Marine Corp.*, 52 Cal. App. 3d at 41 (holding that "literal application of the notice

25

26  [5] No. 08-2746 JF, 2009 WL 1635931, at *15 (N.D. Cal. June 5, 2009); *accord Davis v. Chase Bank U.S.A., N.A.*,
    650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009) (the CLRA's "procedural requirements are strictly adhered to," and

27  the sanction for non-compliance is "dismissing a claim with prejudice"); *Cattie v. Wal-Mart Stores, Inc.*, 504 F.
    Supp. 2d 939, 950 (S.D. Cal. 2007); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal.

28  2005); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003).

10                                                                      10

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1   provisions" is the only way to accomplish the CLRA's purpose of encouraging pre-suit

2   settlements); *Von Grabe*, 312 F. Supp. 2d at 1304 ("Strict application" of notice requirement is

3   "necessary to in order to achieve this goal.").

4   **E.   In The Alternative, Plaintiff's Demand For Class Certification Should Be Stricken**

5   **In Its Entirety Under Fed. R. Civ. P. 12(f).**

6        In the alternative, if any portion of Plaintiff's three claims remain, any demand for class

7   certification on those claims should be stricken from the Complaint.

8        Fed. R. Civ. P. 12(f) provides that "any insufficient defense or any redundant,

9   immaterial, or impertinent and scandalous matter" may be stricken from a Complaint.  Where

10  the complaint demonstrates that a class action cannot be maintained on the facts alleged, a

11  defendant may move to strike class allegations prior to discovery.  *See Thompson v. Merck &*

12  *Co.,* 2004 WL 62710 at *5.  The Court may strike "impertinent" matters from the pleadings "to

13  avoid the expenditure of time and money that must arise from litigating spurious issues by

14  dispensing with those issues prior to trial."  *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478

15  (C.D.Cal.1996).  The Court in *Sanders* concluded that it was not premature to consider a

16  Motion to Strike, and in fact granted a Motion to Strike class allegations, well before a motion

17  for certification.  *Sanders v. Apple Inc.,* 672 F. Supp. 978, 991 (N.D. Cal. 2009).

18       To bring a class action, a plaintiff must satisfy both Rules 23(a) and 23(b) of the Federal

19  Rules of Civil Procedure.  Under Rule 23(a), a plaintiff must show that: (1) the class is so

20  numerous that joinder of all members is impracticable, (2) there are questions of law or fact

21  common to the class, (3) the claims or defenses of the representative parties will fairly and

22  adequately protect the interests of the class, and (4) the representative parties will fairly and

23  adequately protect the interests of the class. Fed.R.Civ.P. 23(a).  In addition, the plaintiff must

24  demonstrate that one of the requirements of Rule 23(b) is met.  Since Plaintiff requests

25  monetary damages, she must satisfy the requirements of Rule 23(b)(3), requiring a finding that

26  questions of law or fact common to purported class members predominate over any questions

27  affecting only individual members and that a class action is superior to other available methods

28  for fairly and efficiently adjudicating the controversy.  *See* Fed.R.Civ.P. 23(b)(3).  "Facts

BOIES, SCHILLER & FLEXNER LLP

OAKLAND, CALIFORNIA

11                                    11

pertinent to such findings include: (a) the class members' interest in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; and (d) the likely difficulties in managing a class action." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

Courts have long recognized that where it is clear from the pleadings that plaintiffs cannot satisfy the requirements for class certification under Rule 23, the best course is to forgo class certification discovery and simply strike the class allegations from the complaint. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings" to show that a class should not be certified).[6]  As these courts have recognized, it is in the interests of both the Court and the parties to strike obviously uncertifiable class claims in order to "avoid the expenditure of time and money that must arise from litigating spurious" class allegations. *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (citation and internal quotation marks omitted); *see also Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF (PVT), 2009 WL 4723366, at *14 (N.D. Cal. Dec. 4, 2009) ("[I]t is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources.").

That is the case here.  No amount of discovery can change the fact that Plaintiff's claims fail the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3) because each class member's claims will necessary turn on what advertisements – if any – he or she saw prior to purchase, and what advertisements – if any – he or she found to be material to his or her decision to purchase FitFlops.  Additionally, the class is not ascertainable because, as currently pled, it includes individuals who do not have standing to sue.

---

[6] *See also, e.g.*, *Henry v. Allstate Ins. Co.*, No. 07-1738, 2007 WL 2287817, *2 (E.D. La. Aug. 8, 2007) (striking class allegations where "complaint fail[ed] to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate"); *Thompson v. Merck & Co.,Inc.*, 2004 WL 62710 at *2 (striking class allegations because, *inter alia*, "[n]o amount of additional class discovery [would] alter" conclusion that the plaintiff's claims could not meet Rule 23 requirements); *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887, *4 (D.N.J. July 23, 2008) (granting motion to strike "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met . . . even if discovery has not yet taken place") (citation and internal quotation marks omitted).

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1    **1.**    **Individual Issues Overwhelmingly Predominate.**

2    Plaintiffs seeking class certification must prove – among other things – that common

3    issues applicable to the entire class predominate over individualized questions related to

4    specific class members.  *See* Fed. R. Civ. P. 23(b)(3).  Rule 23's 'predominance" inquiry tests

5    "whether [the] proposed classes are sufficiently cohesive to warrant adjudication by

6    representation."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997); *Rodney v. Nw.*

7    *Airlines, Inc*., 146 F. App'x 783, 786 (6th Cir. 2005).  If plaintiffs seeking class certification

8    will have to "introduce a great deal of individualized proof . . . to establish most or all of the

9    elements of their individual claims, such claims" do not satisfy the predominance requirement

10   and therefore "are not suitable for class certification." *Luna v. Del Monte Fresh Produce (Se.),*

11   *Inc.*, 354 F. App'x 422, 424 (11th Cir. 2009) (citations omitted).

12   Furthermore, as the United States Supreme Court recently stated in *Wal-Mart*,

13   dissimilarities within the proposed class undermine the usefulness of the tool.

14   What matters to class certification . . . is not the raising of common
15   'questions'—even in droves—but, rather the capacity of a classwide
     proceeding to generate common *answers* apt to drive the resolution of the
16   litigation. Dissimilarities within the proposed class are what have the potential
     to impede the generation of common answers.

17   *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

18   As explained above, any determination of liability on all three of Plaintiff's claims will

19   center around whether each class member saw a particular advertisement prior to purchase, and

20   ultimately found that advertisement to be material to their decision to purchase.  Furthermore,

21   during the time period in question, Defendant executed a variety of different advertising

22   campaigns containing different messages, statistics, and claims about their wide array of

23   footwear products.  Therefore, even proof that each member of the class relied on *an*

24   advertisement and found *an* advertisement to be material to their decision to purchase is

25   insufficient – as each Plaintiff will need to explain exactly which claim he or she saw, and

26   ultimately relied upon.  Furthmore, as the First Amended Complaint has aptly demonstrated,

27   FitFlop has sponsored a wide array of different advertising campaigns, for its varied selection

28

13                                         13

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1   of products.  (Complaint ¶¶ 15-29).  Plaintiff, however, claims only to have seen three general

2   statements about the product in a third party's catalog, and not many of the advertisements she

3   includes in her First Amended Complaint.

4        Accordingly, any class trial held in this case would inevitably devolve into a series of

5   mini-trials, making class certification inappropriate.  *See Rodney*, 146 F. App'x at 792

6   (affirming trial court's refusal to certify proposed class of plaintiffs alleging antitrust claims

7   related to airline routes because "the proofs [required at trial] would include evidence specific

8   to each of 74 different routes and the class action would inevitably degenerate into 74 mini-

9   trials").[7]

10        Neither can the Plaintiff prove that every proposed class member was injured as  result

11   of FitFlop's alleged misstatements.  Class members would need to show, on an individual

12   basis, whether they received the advertised benefits, whether they received no benefit, or

13   whether they were harmed.  Because such a showing cannot be made on a classwide basis,

14   Plaintiff's class claims manifestly fail the requirements of Rule 23(b)(3) and should be stricken.

15        **2.    Plaintiff's Proposed Class Lack Standing and Ascertainability.**

16        "In addition to the express requirements of Rule 23, courts have recognized two implicit

17   ones.  First, the named class representatives must have standing, that is, they must be members

18   of the class they propose to represent.  Second, the definition of the proposed class must be

19   "precise, objective and presently ascertainable." *Gustafson v. Polk County, Wis.*, 226 F.R.D.

20   601, 607 (W.D. Wis. 2005) (internal citations omitted).[8]  Class definition is critical because it

21

22   [7] *See also Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. La. 2006) (affirming denial of class certification where "one set of operative facts would not establish liability and that the end result would be a series of

23   individual mini-trials which the predominance requirement is intended to prevent"); *Oshana v. Coca-Cola Co.*, 225 F.R.D. 575, 578 (N.D. Ill. 2005) (refusing to certify class of Diet Coke purchasers alleging consumer fraud and unjust enrichment claims because individualized issues relating to causation would require individualized

24   inquiries); *Laney v. Am. Std. Cos.*, No. 07-3991 (PGS), 2010 WL 3810637, *18 (D.N.J. Sept. 23, 2010) (refusing to certify class of purchasers of allegedly defective toilets because "the court would need to be presented with

25   individualized experiences concerning each class member's circumstances" in order to determine whether those class members are entitled to recover); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 208 F.R.D. 625, 632

26   (W.D. Wash. 2002) (granting motion to strike class allegations involving breach-of-warranty and fraud claims in case arising out of consumers' use of PPA-containing products given that the lawsuit would "necessarily dissolve[]

27   into a myriad of individualized causation inquiries").
    [8] *See also Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) ("[N]o class may be certified that

28   contains members lacking Article III standing …. The class must therefore be defined in such a way that anyone within it would have standing."); *Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir.1980) (affirming the denial of a

14                                                                                   14

1  "identifies the persons (1) entitled to relief, (2) bound by the judgment, and (3) entitled to

2  notice in a Rule 23(b)(3) action."  Manual for Complex Litigation § 30.14 (3d ed.1999)

3  (emphasis added).

4      Currently, Plaintiff's class definition includes individuals who either did not see, or

5  were not deceived, by Defendant's advertisements; individuals who suffered no damages;

6  givers and receivers of gifts; and/or multiple and repeat purchasers of FitFlop footwear.  Such

7  individuals would lack standing to bring these claims, and, as plead, are not excluded from the

8  class.  Therefore, this claim should be stricken for lack of ascertainability in order to avoid the

9  time and expense of opposing a motion for class certification which cannot succeed.

**F.  In The Alternative, Plaintiff's Demand For A Unbounded Class Should Be Stricken Under Fed. R. Civ. P. 12(f).**

**1.      Individuals outside the country must be excluded from the class.**

Plaintiffs proposed class definition contains no geographical restriction, thus including

all individuals, worldwide, who purchased from the Defendant.  Such a class is plainly

untenable.

Courts have refused to create an international class when there is a "near certainty" that

the foreign jurisdictions will not recognize the judgment.  *See In re Telectronics Pacing Sys.*,

Case No. MDL-1057, 1996 U.S. Dist. LEXIS 11088, at *2-5 (S.D. Ohio Feb. 22, 1996)

(decertifying international class because uncontradicted affidavits demonstrated that the

judgment would not be preclusive in foreign jurisdictions) (citing *Bersch v. Drexel Firestone,*

*Inc.*, 519 F.2d 974, 996 (2d Cir.1975)) *reversed on other grounds* 221 F.3d 870 (6th Cir.

2000).

plaintiff class because the definition of the class was "so amorphous and diverse" that it was not "reasonably clear
that the proposed class members have all suffered a constitutional or statutory violation warranting some relief");
*In re Flash Memory Antitrust Litig.*, C 07-0086 SBA, 2011 WL 1301527 (N.D. Cal. Mar. 31, 2011) ("Plaintiffs
have failed to persuade the Court to reconsider its ruling on the issue of ascertainability.  As discussed in the
Court's class certification order, numerous courts have concluded that the existence of an identifiable class is a
prerequisite to class certification."); *In re Worldcom, Inc.*, 343 B.R. 412, 424 (Bankr. S.D.N.Y. 2006);
("Therefore, the Court finds that Crump fails to meet Rule 23's implied requirement of ascertainability because the
Class membership is "contingent on the state of mind of the prospective members.").

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1    In *Bersch*, the Second Circuit held that a class of foreign investors could not be certified

2    because a judgment in favor of the defendants would not bar foreign plaintiffs from re-litigating

3    the issues in their own jurisdictions. *Id.* at 996-97 ("if defendants prevail against a class they

4    are entitled to a victory no less broad than a defeat would have been."). In *Telectronics*, the

5    Southern District of Ohio followed *Bersch* and decertified an international class because of

6    evidence showing that judgment would not be preclusive in foreign countries, among them,

7    England. 1996 U.S. Dist. LEXIS 11088, at *4. Since the Defendant does not sell directly to

8    consumers, but instead sells through retailers, it is impossible to determine all the countries to

9    which its products may have been sold.

10       Additionally, all of the reasons why the class must be limited to those with significant

11   contacts to California, outlined below, support excluding foreign Plaintiffs.

12       **2.      Individuals outside California must be excluded from the class.**

13       A nationwide class is equally inappropriate. Courts routinely hold that both fraud and

14   warranty claims are difficult to maintain on a nationwide basis and rarely are certified. *See*

15   *Cole v. Gen. Motors Corp.,* 484 F.3d 717, 724-30 (5th Cir.2007) (discussing at length why

16   warranty claims are inappropriate for class treatment); *Martin v. Dahlberg, Inc.,* 156 F.R.D.

17   207 (C.D.Cal.1994). If the Court does not strike plaintiffs' class claims in their entirety, it

18   should – at the very least – strike plaintiffs' nationwide class allegations. Each state has a

19   significant interest in protecting the rights of its' citizens under its own state laws. Since a vast

20   majority of purchasers likely purchased in their own home state, there is unlikely to be more

21   than one potential state with the most significant interests in enforcing its laws as to each

22   particular plaintiff. Further, consumer protection laws vary widely between states such that

23   applying California law to all Plaintiffs would necessarily cause a great deal of conflict.

24   Therefore, any nationwide class must proceed under the laws multiple states.[9]

25

26   _____

    [9] *Ortiz v. McNeil-PPC, Inc.*, 07CV678-MMA(CAB), 2009 WL 1322962 (S.D. Cal. May 8, 2009) ("The Court
    found that the nationwide purchaser class was not viable because of the conflict of state laws as to the purchaser

27   class' unjust enrichment cause of action (the only purchaser class cause of action in the consolidated complaint).");
    *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 *opinion amended on denial of reh'g,* 273 F.3d 1266

28   (9th Cir. 2001) ("'Plaintiff raises the alternative argument that even if neither California nor Colorado law applies
    to all claims of the nationwide class, the proposed subclasses can be further divided into manageable subclasses

16                                                                                                  16
_____

1    Courts across the country have held that where – as here – the laws of 50 different states

2    will potentially apply to proposed class members' claims, there is no fair or manageable way to

3    try those claims on a classwide basis.  *See Pilgrim v. Universal Health Card, LLC*,

4    No.5:09CV879, 2010 WL 1254849, *4 (N.D. Ohio Mar. 25, 2010) (striking nationwide class

5    allegations in a consumer fraud suit because consumer fraud laws vary substantially and

6    therefore the task of applying fifty states' laws "would make this case unmanageable as a class

7    action"); *Sanders v. Johnson & Johnson, Inc*., No. 03-2663, 2006 WL 1541033, *11 (D.N.J.

8    June 2, 2006) (granting motion to strike class allegations and denying cross-motion for

9    certification of nationwide class where state laws varied with respect to plaintiffs' breach of

10   warranty and other claims); *Siegel v. Shell Oil C*o., 256 F.R.D. 580, 585 (N.D. Ill. 2008)

11   (denying certification of multi-state class alleging consumer fraud, unjust enrichment and other

12   claims because the applicable laws "vary considerably" across states); *Innovative Physical*

13   *Therapy, Inc. v. MetLife Auto & Home*, No. 07-5446 (JAP), 2008 WL 4067316, *9 (D.N.J.

14   Aug. 26, 2008) (striking proposed nationwide contract class claims because plaintiffs' claims

15   were governed by the varying laws of their home states, "render[ing] the action

16   unmanageable").

17   This is exactly the case here, as Plaintiff's three counts are all based upon state law.

18   They are plead, however, on behalf of individuals worldwide.  As a result, a number of

19   individuals who would not have standing to sue in California, on California state claims, are

20   included in the class.  *Gustafson v. Polk County, Wis.*, 226 F.R.D. 601, 607 (W.D. Wis. 2005).

21   This would also undoubtedly defeat the both the predominance and superiority clauses of Rule

22   23(b)(3), as there would be different standards of proof, and different proof required, from each

23   group of plaintiffs.  Furthermore, the adequacy of representation requirement would be difficult

24   to meet, as it is unlikely that counsel is admitted and competent to practice the laws of all states

25   in which plaintiffs claims might arise.  This will inevitably give rise to the same issues

26

27   which take into account conflicts in state laws.  However, Plaintiff has not presented representative plaintiffs for those subclasses, nor has she demonstrated that each subclass meets the Rule 23 requirements.'  The district court

28   thus concluded that there was no manageable trial plan adequate to deal with individualized issues and variances in state law.  We find no abuse of discretion in this respect.")

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1    explained above related to individual showings of proof.  Therefore, Plaintiff's class

2    certification request should be struck as to those members without ties to California.

3    **V.      CONCLUSION**

4         A defendant accused of deceptive conduct has a right to particularized factual

5    allegations, in part, to prohibit plaintiffs "from unilaterally imposing upon the court, the parties

6    and society enormous social and economic costs absent some factual basis." *Kearns*, 567 F.3d

7    at 1125.  Plaintiff does not plead such facts here, and her First Amended Complaint must

8    accordingly be dismissed for failure to comport with Rule 9(b).  In addition, Plaintiff fails to

9    plead facts demonstrating that she has standing to sue under state or federal law.  Finally,

10   Plaintiff's failure to comply with the CLRA's strict notice requirements means that her

11   damages claims must be dismissed with prejudice. For all of these reasons, Plaintiff's

12   Complaint must be dismissed.

13        In the alternative, Plaintiff's class allegations must be stricken from the First Amended

14   Complaint in their entirety because, on its face, (1) it fails to allege an ascertainable class

15   because, as pled, class members lack standing to sue, and (2) it fails to adequately plead

16   predominance.

17        In the alternative, Plaintiff's worldwide class allegations must be stricken because it

18   defeats any claims of predominance and superiority.

19

20

21

22

23

24

25

26

27

28

*Motion to Dismiss/Motion to Strike*

1    For the foregoing reasons, Defendant requests judgment accordingly.

2

3    DATED:  August 15, 2011                BOIES, SCHILLER & FLEXNER LLP

4

5

6                                           By:  /s/ William S. Ohlemeyer

7                                           Laura McKay (CA SBN 230049)
8                                           1999 Harrison Street, Suite 900
                                            Oakland, California  94612
9                                           Tel.    (510) 874-1000
                                            Fax.    (510) 874-1460
10                                          Email

11                                          William S. Ohlemeyer (NY State Bar No.
                                            3995651, Admitted *pro hac vice*)
12                                          Brooke A. Alexander (NY State Bar No. 4678900,
                                            Admitted *pro hac vice*)
13                                          333 Main Street
14                                          Armonk, New York 10504
                                            Tel.    (914) 749-8200
15                                          Fax.    (914) 749-8300
16                                          Email   wohlemeyer@bsfllp.com
                                                    balexander@bsfllp.com
17
                                            Attorneys for Defendant
18

19

20

21

22

23

24

25

26

27

28

*Motion to Dismiss/Motion to Strike*

11-cv-00973-W-WVG

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the following document(s):

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, FITFLOP USA, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE, PURSUANT TO FED.R.CIV.O. 12(b)(6) AND 12(f).**

To be delivered **via CM/ECF** upon all counsel of record as indicated/listed on the United States District Court, Southern District of California's CM/ECF registered e-mail list in the referenced matter.

Executed this 15th day of August, 2011, at Oakland, California.

/s/ Laura McKay

lmckay@bsllp.com