**BOIES, SCHILLER & FLEXNER LLP**

Laura McKay (CA SBN 230049)
1999 Harrison Street, Suite 900
Oakland, California 94612
Tel.   (510) 874-1000
Fax.   (510) 874-1460
Email  lmckay@bsfllp.com

William S. Ohlemeyer (NY State Bar No. 3995651, Admitted *pro hac vice*)
Brooke A. Alexander (NY State Bar No. 4678900, Admitted *pro hac vice*)
333 Main Street
Armonk, New York 10504
Tel.   (914) 749-8200
Fax.   (914) 749-8300
Email  wohlemeyer@bsfllp.com
       balexander@bsfllp.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA ROSALES, and CHARLICE ARNOLD, On Behalf of Herself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>FITFLOP USA, LLC,<br><br>Defendant. | CASE NO.: 11-CV-00973-W-WVG<br><br>CLASS ACTION<br><br>**ECF CASE**<br><br>**DEFENDANT FITFLOP USA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE, PURSUANT TO FED.R.CIV.P. 12(b)(6) AND 12(f)**<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)**<br><br>Hearing Date: September 26, 2011<br><br>Judge: Thomas J. Whelan, Courtroom 7 |

**TABLE OF CONTENTS**

I. ARNOLD DOES NOT ALLEGE THE INJURY REQUIRED BY HER CLAIMS. ............2

   A. Arnold's Claims for Damages and Restitution Require Arnold to Plead and Prove She Suffered Actual Injury. ........................................................................2

   B. Arnold's Theory of Injury Contradicts Settled California Law. .......................3

   C. Even On Her Own Invalid Theory, Arnold Does Not Allege Facts Supporting A Plausible Inference of Injury. ........................................................................4

II. ARNOLD'S CLAIMS FAIL BECAUSE SHE DOES NOT PLEAD THEM WITH PARTICULARITY. ..................................................................................................5

III. ARNOLD DOES NOT ADEQUATELY ALLEGE FITFLOP'S RESPONSIBILITY FOR STATEMENTS MADE BY VICTORIA'S SECRET. .........................................6

IV. THE PARAPHRASED STATEMENTS ARNOLD IDENTIFIES ARE NON-ACTIONABLE PUFFERY. .....................................................................................6

V. ARNOLD'S CLASS CLAIMS SHOULD BE STRUCK, BECAUSE INDIVIDUAL RELIANCE ISSUES PRECLUDE LITIGATING ARNOLD'S CLAIMS ON A CLASS BASIS. ....................................................................................................................7

   A. Arnold's Claims For Damages and Restitution Require Proving Actual Injury and Causation. ...............................................................................................7

   B. Reliance Cannot Be Presumed For The Class, Because A Single Misstatement Or Omission Was Not Disseminated To All Class Members. ................................8

   C. The Need For Individual Proof Of Reliance Precludes A Class Action. ..............9

CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Akkerman v. Mecta Corp., Inc.*,
  152 Cal. App. 4th 1094, 62 Cal. Rptr. 3d 39 (Cal. Ct. App. 2007) .............................. 10

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................................................ 4

*Basic Inc. v. Levinson*,
  485 U.S. 224 (1988) .................................................................................................. 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 5

*Berkoff v. Masai*, 5:10-cv-00969-VAP-OP ..................................................................... 2, 7

*Brothers v. Hewlett-Packard Co.*,
  2006 WL 3093685 (N.D. Cal. Oct.31, 2006) ............................................................... 7

*Campion v. Old Republic Home Protection Company, Inc.*,
  272 F.R.D. 517 (2011) ................................................................................................ 9

*Caro v. Procter & Gamble Co.*,
  18 Cal. App. 4th 644, 22 Cal. Rptr. 2d 419 (1993) ...................................................... 9

*Cohen v. DIRECTV, Inc.*,
  178 Cal. App. 4th 966, 101 Cal. Rptr. 3d 37 (Cal. Ct. App. 2009), *review
  denied* (Feb. 10, 2010) .............................................................................................. 10

*Ferrington v. McAfee*,
  2010 WL 3910169 (N. D. Cal. Oct. 5, 2010) ............................................................... 5

*In re First Alliance Mortg. Co.*,
  471 F.3d 977 (9th Cir. 2006) ..................................................................................... 10

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
  343 F.3d 1000 (9th Cir. 2003) ..................................................................................... 7

*Gonzalez v. Proctor & Gamble Co.*,
  247 F.R.D. 616 (S.D.Cal. 2007) .................................................................................. 9

*Hospital Council of W. Pennsylvania v. City of Pittsburgh*,
  949 F.2d 83 (3d Cir. 1991) .......................................................................................... 6

*In re HP Inkjet Printer Litigation*,
  2006 WL 563048 (N.D. Cal. Mar. 7, 2006) ................................................................. 5

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 .............................................................................................................. 5

*Long v. Hewlett-Packard Co.*,
  2007 WL 2994812 (N.D. Cal. July 27, 2007) ............................................................. 7

*McKinney v. Google, Inc.*,
    2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ................................................................ 6

*Mirkin v. Wasserman*,
    5 Cal. 4th 1082 (1993) .................................................................................................. 9

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*,
    107 Cal. App. 4th 1336 (Cal. Ct. App. 2003) ............................................................... 5

*Newcal Indus., Inc. v. Ikon Office Solution*,
    513 F.3d 1038 (9th Cir. 2008) ...................................................................................... 6

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) *aff'd*, 322 F. App'x. 489 (9th Cir.
    2009) .............................................................................................................................. 7

*Osborne v. Subaru of Am., Inc.*,
    198 Cal. App. 3d 646, 243 Cal. Rptr. 815 (1988) ......................................................... 9

*Peviani v. Natural Balance, Inc.*,
    774 F. Supp. 2d 1066 (S.D. Cal. 2011) ......................................................................... 8

*Poulos v. Caesars World, Inc.*,
    379 F.3d 654 (9th Cir. 2004) ......................................................................................... 9

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................................... 7

*Stearns v. Select Comfort Retail Corp.*,
    2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ................................................................ 7

*In re. Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ........................................................................................... 3, 4, 8

*UFCW Local 1776 v. Eli Lilly & Co.*,
    620 F.3d 121 (2d Cir. 2010) ......................................................................................... 9

*In re Vioxx Class Cases*,
    180 Cal. App. 4th 116 (Cal. Ct. App. 2009) ................................................................. 8

*Williams v. Beechnut Nutrition Corp.*,
    185 Cal. App. 3d 135 (Cal. Ct. App. 1986) .................................................................. 8

**STATUTES AND RULES**

Cal. Bus. & Prof. Code § 17200 ............................................................................................ 3

Cal. Bus. & Prof. Code § 17203 ............................................................................................ 3

Cal. Bus. & Prof. Code § 17204 ............................................................................................ 3

Cal. Civil Code § 1750 .......................................................................................................... 3

Cal. Civ. Code § 1780 ............................................................................................................. 3, 7

Cal. Civ. Code § 1781 ................................................................................................................ 7

Fed. R. Civ. Proc. 9(b) ............................................................................................................... 5

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

Plaintiff Charlice Arnold and her lawyers propose a sprawling class action based solely on Arnold's purchase of two pairs of shoes she apparently never wore. Shoes she allegedly bought in reliance on vague, unspecified advertisements that Defendant FitFlop[1] did not create. Arnold asserts that those advertisements were misleading based on a third party's evaluation of shoes that were neither designed by, made by, nor sold by FitFlop. Arnold's claims should be dismissed, and her class allegations struck.

<u>First</u>, Arnold has not adequately alleged any injury from her purchase of FitFlop footwear. Arnold claims liability attaches regardless of whether she ever wore the shoes at issue. Her theory of "injury" contradicts well-settled California law that a cognizable injury from a misstatement cannot exist solely because the misstatement caused a higher price. Moreover, Arnold does not supply a single fact that supports a plausible inference that the FitFlop footwear she allegedly purchased were not as advertised.

<u>Second</u>, Arnold fails to plead her claims, which sound in fraud, with particularity. Arnold includes a multitude of different "statements" but identifies none as the ones she saw and relied on, nor does she explain how they deceived her. The words matter. It is one thing to challenge (or defend) the mere name "FitFlop" (criticized in the July 15, 2011 First Amended Complaint ("FAC" or "Complaint") at ¶ 4). It is another to challenge (or defend) the facially hyperbolic tagline, "It's the flip flop with the gym built in" (FAC ¶ 21), or the very specific statement that "Studies at the Centre for Human Performance at London South Bank University (LSBU) show that normal walking in FitFlop sandals can help [] increase leg and bottom muscle activity (up to 30%) (so you feel less ache in your hips and knees)."[2] The precise form of words matters, and neither FitFlop nor the Court (nor, perhaps, Arnold herself) knows which of the multitude of statements Arnold includes in her complaint are the ones at issue here, which FitFlop must defend.

Claims which sound in fraud (as Arnold's do) cannot proceed on this basis.

<u>Third</u>, Arnold alleges that she saw three general statements (which she paraphrases) in a

---

[1] Defendant FitFlop USA, LLC ("FitFlop" or "Defendant")
[2] *Id.* ¶ 18.

1

Victoria's Secret catalog. She does not, however, adequately allege that FitFlop is responsible for those third-party statements (whatever the actual words were).

<u>Fourth</u>, the paraphrased statements Arnold does identify as having been connected to her alleged purchase are non-actionable "puffery." They are general, subjective statements – "FitFlop Footwear improves posture, increases muscle activation and toning, and reduces joint strain" – much like those recently dismissed as puffery by Judge Phillips in *Berkoff v. Masai*, 5:10-cv-00969-VAP-OP, Docket #40 (March 3, 2011). (FAC ¶10.) In short, what Arnold does allege to have seen is general, paraphrased puffery in a third party's catalog. To camouflage the hole in her complaint, a complaint that devotes only one paragraph to Arnold's alleged purchase of defendant's footwear, Arnold spends pages describing more detailed and specific advertisements, more than a few of which contain similar puffery, but nowhere does she claim to have seen any of them, or relied upon any of them, or been injured by them.

<u>Finally</u>, the class claims for damages and restitution should be struck, because they will necessarily require individualized proof of reliance on the alleged misstatements. It is well settled in California law that recovery of damages mandates a showing of actual injury and causation, that the causal link between a misstatement and injury is reliance, and that reliance can be presumed only when the same material misstatement was made to every member of the class. Here, regardless of what Arnold alleges she actually saw, the proposed class would have been exposed to a multitude of different statements, made in widely varying venues, with changes in form and substance over time. All of which is apparent from the Complaint itself, and makes clear that reliance cannot be presumed, but must be proven on an individual basis, precluding class-wide litigation of the claims.

**I.     Arnold Does Not Allege the Injury Required By Her Claims.**

   **A.     Arnold's Claims for Damages and Restitution Require Arnold to Plead and Prove She Suffered Actual Injury.**

Arnold brings three claims: (i) a claim for discretionary, equitable relief including

2

*Reply in Support of Motion to Dismiss/Motion to Strike*

11-cv-00973-W-WVG

restitution, pursuant to California's UCL[3] (FAC ¶¶ 54-67); (ii) a claim for the legal remedy of actual damages as well as restitution and punitive damages, pursuant to California's CLRA[4] (FAC ¶¶ 68-77); and (iii) a claim for actual damages for breach of express warranty (FAC ¶¶ 78-83.) She cannot evade the essential elements of any such claim by opportunistically invoking the least demanding remedy she seeks (*i.e.*, injunctive relief under the UCL).

All three of Arnold's claims require her to plead and prove that she suffered actual damages. The UCL: "Actions for relief pursuant to this chapter shall be prosecuted . . . by a person *who has suffered injury in fact* and has lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code ("BPC") § 17204 (emphasis added).[5] The CLRA: "Any consumer *who suffers any damage as a result of* the [misstatement] may bring an action against that person. . . ." Cal. Civ. Code ("CCC") § 1780 (emphasis added). Arnold's breach-of-warranty claim seeks damages and thus requires an injury. (FAC ¶ 83.)

**B.   Arnold's Theory of Injury Contradicts Settled California Law.**

Arnold does not claim that she ever wore FitFlop footwear. She does not allege the injury of buying shoes that underperformed and were thus worth less to her than the price she paid. (FAC ¶ 10.) Arnold's theory is that she suffered a cognizable injury solely because unspecified misstatements increased the price she paid for FitFlop footwear. By excluding the necessary element of use and underperformance of the advertised product, Arnold's theory implies that an injury exists simply because a misstatement increased price. *See* FAC ¶ 10; Plaintiff's September 12, 2011 Brief in Opposition to Defendant FitFlop's Motion to Dismiss or, in the Alternative, to Strike ("Opp.") at 12-13.

---

[3] Unfair Competition Law, BPC § 17200 *et seq*. For the discretionary, equitable nature of UCL remedies, *see* BPC § 17203. *See also In re. Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) ("To achieve its goal of deterring unfair business practices in an expeditious manner, the Legislature limited the scope of the remedies available under the UCL. A UCL action is equitable in nature; damages cannot be recovered. We have stated under the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution.") (quotation and editorial marks omitted).

[4] Consumers Legal Remedies Act, CCC § 1750 *et seq*.

[5] *See also In re. Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) ("After Proposition 64, which the voters approved at the November 2, 2004, General Election, a private person has standing to sue only if he or she has suffered injury in fact and has lost money or property as a result of such unfair competition.") (quotation marks omitted).

Arnold's theory is inconsistent with settled California law, which is that an injury cognizable under the UCL and CLRA does not arise merely because a higher price exists: It exists only to the extent the plaintiff relied upon the allegedly associated misstatement. *In re. Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) ("On the other hand, there is no doubt that reliance is the causal mechanism of fraud. . . . Therefore, we conclude that this language [of Proposition 64] imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong."). Arnold's Complaint presents the type of case – a lawsuit filed "for clients who have not used the defendant's product or service" – intended to be precluded by the requirement of actual injury. *See In re. Tobacco II Cases*, 46 Cal. 4th at 316-17.

### C. Even On Her Own Invalid Theory, Arnold Does Not Allege Facts Supporting A Plausible Inference of Injury.

Even accepting Arnold's flawed theory of injury, Arnold alleges no actual basis for concluding that the FitFlop footwear she allegedly purchased are not as advertised. She has no personal knowledge whether her shoes would perform as advertised if she ever wore them. (FAC ¶ 10.) The lone basis on which Arnold alleges that her shoes would not perform as advertised is that third parties have studied certain "fitness shoes" and concluded that they performed no better than certain comparators. (*Id.* ¶¶ 5, 36-40.) Tellingly, Arnold does not allege that any of these studies evaluated FitFlop footwear. (*Id.*, *passim*.) (The studies did not, in fact, include any FitFlop product.)

Thus, without having experienced first-hand how her footwear performs, Arnold asks the Court to infer from a study of **non-FitFlop** footwear that her **FitFlop** product would not perform as advertised, if ever she wore them. The inference is irrational and implausible. The Complaint provides no plausible basis for asserting an injury. The Complaint is defective under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Plaintiff has provided only a "naked assertion" devoid of "further factual enhancement" which is not entitled to an assumption of truth. *Bell Atl. Corp. v.*

4

*Reply in Support of Motion to Dismiss/Motion to Strike*

11-cv-00973-W-WVG

*Twombly*, 550 U.S. 544, 557 (2007) (noting that allegations "must be enough to raise a right to relief above the speculative level").[6]

## II. Arnold's Claims Fail Because She Does Not Plead Them With Particularity.

Contrary to Arnold's suggestion, UCL and CLRA claims must be pleaded with particularity, pursuant to Fed. R. Civ. Proc. 9(b).[7] A breach-of-express-warranty claim similarly requires alleging "the exact terms of the warranty." *In re HP Inkjet Printer Litig.*, 2006 WL 563048, at *5 (N.D. Cal. Mar. 7, 2006).

In an effort to create the illusion of particularity, Arnold's Complaint recites a multitude of different statements attributed to FitFlop, but does not say which, if any, of these Arnold saw and by which she was allegedly deceived. The statements Arnold relied on, whatever they are, are the only statements that matter for the purpose of evaluating Arnold's complaint. Any other statement is irrelevant to Arnold's claim – the claim which Arnold and her lawyers seek to expand to every person who bought FitFlop footwear during the proposed class period.

It is one thing to challenge (or defend) the tagline "Get a workout while you walk" (criticized in FAC at ¶ 4). It is another to challenge (or defend) the statement that "FitFlop Footwear is biomechanically engineered" (*id.* at ¶ 18), or the phrase "16% more hamstring activation" (*id.* at ¶ 24). What in particular must FitFlop defend? Is the allegation of deception

---

[6] Arnold compensates for her lack of any basis for her accusations, by (ironically) criticizing FitFlop's alleged lack of substantiation for its statements. *See* FAC ¶¶ 5, 32-35, 41-43. Arnold's criticisms are not only wrong, they are irrelevant. *See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc*., 107 Cal. App. 4th 1336, 1344 (Cal. Ct. App. 2003) ("When they bring such actions, both private persons and prosecuting authorities bear the burden of proving the advertising claims to be false or misleading. Prosecuting authorities, but not private plaintiffs, have the administrative power to request advertisers to substantiate advertising claims before bringing actions for false advertisement, but the prosecuting authorities retain the burden of proof in the false advertising actions.").

[7] As *Kearns* and *Ferrington* make clear, resting a complaint upon a scheme of deceptive advertising, and not upon any personal allegations, sounds in fraud, and as such, must meet the Rule 9(b) standard. Making allegations by implication, as Plaintiff has here, is sufficient to give rise to Rule 9(b) requirements even when fraud is not specifically pled. *Ferrington v. McAfee*, 2010 WL 3910169 (N. D. Cal. Oct. 5, 2010) ("The Court confirmed that Rule 9(b) applies to allegations grounded in fraud regardless of whether the plaintiff asserted a claim for fraud. Rejecting plaintiffs' argument that the elements of common law fraud need not be pleaded to state a UCL claim, the Court found that Rule 9(b) is appropriately applied not only when fraud is alleged expressly, but also when the allegations, taken as a whole, necessarily constitute the elements of fraud."); *Kearns v. Ford Motor Co.,* 567 F.3d 1120 ("A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b).").

simply a moving target that will slip from one statement to another, as FitFlop defends each in turn? Neither FitFlop nor the Court nor, perhaps, Arnold herself know the answers to these questions. Arnold's claims cannot proceed on this basis.[8]

## III. Arnold Does Not Adequately Allege FitFlop's Responsibility for Statements Made By Victoria's Secret.

Arnold makes clear that the statements about FitFlop footwear that she alleges to have relied upon (whatever they were) were found in a Victoria's Secret catalog, not made by, or published by, defendant FitFlop. (FAC ¶ 10.) To state a claim against FitFlop, Arnold must allege that FitFlop is responsible for the misstatements. Arnold makes no allegation, however, that FitFlop is responsible for the statements made by Victoria's Secret. The one paragraph of the Complaint that touches on third-party statements – paragraph 11, in the "Parties" section – makes allegations which imply only that FitFlop may or may not be responsible for statements made by Victoria's Secret. An uncertain, equivocal allegation does not suffice to plead a necessary element of a claim.[9]

## IV. The Paraphrased Statements Arnold Identifies Are Non-Actionable Puffery.

Arnold identifies only three paraphrased, general claims on which she alleges to have relied: "improves posture, increases muscle activation and toning, and reduces joint strain." (FAC ¶10.) These "claims" are puffery. "A statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (internal quotations omitted).

---

[8] *See McKinney v. Google, Inc.*, 2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ("General assertions about representations or impressions given by Defendants about the phone's 3G capabilities are not equivalent to a recitation of the exact terms of the underlying warranty. . . . At the least, McKinney must identify the particular commercial or advertisement upon which she relied and must describe with the requisite specificity the content of that particular commercial or advertisement.").

[9] *Cf. Hosp. Council of W. Pa. v. City of Pittsburgh*, 949 F.2d 83, 87 (3d Cir. 1991) ("These allegations are far more concrete than those found to be 'hypothetical' or 'conjectural' in [other] cases. . . . In this case, by contrast, the complaint unequivocally alleges that member hospitals have been threatened with imminent harm. We do not think these allegations may be termed 'hypothetical' or 'conjectural.'").

6

The statements Plaintiff claims to have relied upon are not quantifiable and, taken as Arnold presents them, have no definite meaning. In a recently decided case in the Central District of California, Judge Phillips held that (another) defendant's similar claims about its shoes, namely that they improve circulation and posture, tone muscles, and reduce stress on back and joints,[10] were more akin to general promotional statements and not specific benchmarks the shoes were promised to meet. Judge Phillips therefore dismissed the complaint. *Berkoff v. Masai*, 5:10-cv-00969-VAP-OP, Docket #40 (March 3, 2011).[11]

## V. Arnold's Class Claims Should Be Struck, Because Individual Reliance Issues Preclude Litigating Arnold's Claims On A Class Basis.

It is clear on the face of Arnold's Complaint that even if she had properly pleaded her own claims, it would be inappropriate to litigate them as a class action. The Court should strike the class claims now, to avoid the time and expense that would be lost in discovery associated with an attempt to certify a class that is doomed on its face.[12]

### A. Arnold's Claims For Damages and Restitution Require Proving Actual Injury and Causation.

Arnold proffers a class claim for damages pursuant to the CLRA and her breach-of-warranty claim. For any class member to recover damages there must be proof that the member suffered damages. *See* CCC §§ 1780, 1781 (a class action under the CLRA can be brought only by one who suffered damage as a result of the misstatement, and may be brought only on behalf of such consumers). Arnold also proffers a class claim for the discretionary, equitable relief of restitution pursuant to the UCL. (FAC ¶ 67.) While the Court's discretion under the UCL is

---

[10] "In the pamphlet about MBT footwear, Plaintiff read that 'MBT shoes would, among other things, improve her circulation, improve her posture, tone the muscles in her legs, abs and glutes [sic], reduce joint pain, and reduce stress on her back and joints.' (SAC ¶ 66.)" *Berkoff v. Masai*, 5:10-cv-00969-VAP-OP, Docket #40, at p. 3 (March 3, 2011).

[11] *See also Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) *aff'd*, 322 F. App'x. 489 (9th Cir. 2009) ("Indeed, 'higher performance,' 'longer battery life,' 'richer multimedia experience,' 'faster access to data' are all non-actionable puffery"); *Brothers v. Hewlett–Packard Co.,* 2006 WL 3093685, at *4-*5 (N.D. Cal. Oct.31, 2006) (rejecting "high-performance" and "top of the line" as mere puffery); *Long v. Hewlett–Packard Co.,* 2007 WL 2994812, at *7 (N.D. Cal. July 27, 2007) (rejecting "reliable mobile computing solution" and "do more on the move" as puffery); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003) (affirming dismissal of fraud claim as puffery where defendant company's advertisement was a "vague statement" containing no concrete assertions).

[12] *See Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF (PVT), 2009 WL 4723366, at *14 (N.D. Cal. Dec. 4, 2009).

broad, we respectfully suggest that it would be an abuse of discretion for a court to award restitution to a class, without strong evidence that the entire class suffered monetary loss as a result of the alleged misstatements.[13] (The requirements for an injunction under the UCL are less stringent, but that has no bearing on the viability of class claims for restitution and damages.)

### B. Reliance Cannot Be Presumed For The Class, Because A Single Misstatement Or Omission Was Not Disseminated To All Class Members.

The California Supreme Court has clearly held that proof of causation in a false advertising case under the UCL or CLRA requires proof that the victim relied on the misstatement.[14] Arnold's breach-of-warranty claim similarly requires the equivalent of reliance – proof that the claimant saw the statement in question and considered it to be part of the deal.[15]

Arnold incorrectly contends that reliance may be presumed for the entire class. (Opp. at 16.) The California Supreme Court has extended a presumption of reliance *only* where the same alleged misstatement or omission was disseminated to all class members:

> "Plaintiffs argue that we 'held that pleading and proof of direct reliance by each victim of a fraud are not required where material misrepresentations are alleged' and that, in the absence of actual reliance, reliance may be pled 'by the equivalent of the fraud-on-the-market doctrine, *i.e.*, material misrepresentations to the class, plus action consistent with reliance thereon.' In fact, we held no such thing. What we did hold was that, ***when the same material misrepresentations have actually been communicated to each member of a class***, an inference of reliance arises as to the entire class. While this does mean that actual reliance can be proved on a class-wide basis ***when each class member has read or heard the same misrepresentations***, nothing in either case so much as hints that a plaintiff may plead a cause of action for deceit without alleging actual reliance."

---

[13] *See In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 136 (Cal. Ct. App. 2009) ("We do not disagree that a trial court has discretion to order restitution even in the absence of individualized proof of injury. However, in order to obtain class wide restitution under the UCL, plaintiffs need establish not only a misrepresentation that was likely to deceive but the existence of a "measurable amount" of restitution, supported by the evidence.").

[14] *See In re. Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) ("[T]here is no doubt that reliance is the causal mechanism of fraud. . . . Therefore, we conclude that this language [of Proposition 64] imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong."); *Peviani v. Natural Balance, Inc.*, 774 F. Supp. 2d 1066, 1070 (S.D. Cal. 2011) ("[I]n order to assert a claim under the UCL [], a person must have "suffered injury in fact and ha[ve] lost money or property as a result of such unfair competition." Therefore, actual reliance is required to have standing to sue under the UCL [].") (citations and quotation marks omitted).

[15] *See Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (Cal. Ct. App. 1986) ("In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury.").

8

*Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095 (1993) (emphasis added); *Campion v. Old Republic Home Prot. Co., Inc.*, 272 F.R.D. 517, 536 (2011) ("When considering class certification, an inference of common reliance is permitted in claims arising under the UCL when a specific material representation of a particular fact was made to each class member and the claims of all the class members stem from this source. Where a class of consumers may have seen all, some, or none of the advertisements that form the basis of a plaintiff's suit, an inference of common reliance or liability is not permitted.) (citation omitted).[16]

Here, the Complaint makes clear that materially different statements were made at different times, in different venues, to different audiences. (FAC ¶¶ 16-31.) Yet the putative class consists of every person who has ever bought a FitFlop product anywhere in the United States. (FAC ¶ 47; Opp. at 19.) It would be fanciful to suggest that "the same material misrepresentations have actually been communicated to each member" of the proposed class. Indeed, **Arnold herself** does not identify a single advertisement she has seen that was disseminated by FitFlop itself. (*See* FAC ¶ 10.) No presumption of reliance is available in this case.

### C. The Need For Individual Proof Of Reliance Precludes A Class Action.

As courts have recognized many times, where reliance is at issue and a class-wide presumption of reliance is unavailable, a class action is barred. *E.g.*, *Basic Inc. v. Levinson,* 485 U.S. 224, 242 (1988) ("Requiring proof of individualized reliance from each member of the

---

[16] *See also UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 133-34 (2d Cir. 2010) ("Two years ago, we held that reliance on a misrepresentation made as part of a nationwide marketing strategy 'cannot be the subject of general proof.'"); *Caro v. Procter & Gamble Co.,* 18 Cal.App.4th 644, 668-69, 22 Cal.Rptr.2d 419 (1993) (affirming trial court's denial of class certification for action alleging representations that orange juice was "fresh," "premium," "from concentrate," and contained "no additives" because reliance issues would require highly individualized proof); *Osborne v. Subaru of Am., Inc.,* 198 Cal.App.3d 646, 661, 243 Cal.Rptr. 815 (1988) (declining to apply a class-wide presumption of reliance to a claim of negligent misrepresentation based on the defendants' advertising campaign because plaintiffs failed to show that the same representation was made to each class member: "Unlike [*Vasquez* and another case], plaintiffs here failed to show that representations were made to each class member. There was no basis to draw an inference of classwide reliance without a showing that representations were made uniformly to all members of the class."); *Poulos v. Caesars World, Inc.,* 379 F.3d 654, 666 (9th Cir.2004) (" noting that "a presumption of reliance typically has been applied in cases involving securities fraud and, even then, the presumption applies only in cases primarily involving 'a failure to disclose'- that is, cases based on omissions as opposed to affirmative misrepresentations."); *Gonzalez v. Proctor & Gamble Co.,* 247 F.R.D. 616, 624 (S.D.Cal.2007) ("The Court finds that this case is controlled by those California cases that refused to certify a class when the plaintiffs could not allege that the same representations were specifically made to each class member, thus preventing the court from permitting an inference of reliance.").

proposed plaintiff class effectively would have prevented respondents from proceeding with a class action, since individual issues then would have overwhelmed the common ones.").[17] Here, Arnold's proposed class includes (i) purchasers who did not see Defendant's advertising, (ii) purchasers who saw the advertisements but did not purchase in reliance on them, (iii) purchasers who purchased multiple pairs over time, thus evidencing their satisfaction with the product, and (iv) purchasers who purchased for other reasons, such as comfort, style, trend-following, relief of foot pain, or recommendation of a friend or doctor. Reliance cannot be presumed here for the entire class, and Arnold's class allegations should be struck.

**CONCLUSION**

FitFlop respectfully requests that all Arnold's claims be dismissed, and the class claims be struck.

DATED: September 19, 2011     BOIES, SCHILLER & FLEXNER LLP

By: /s/ William S. Ohlemeyer

Laura McKay (CA SBN 230049)
1999 Harrison Street, Suite 900
Oakland, California 94612
Tel.    (510) 874-1000

---

[17] *See also In re First Alliance Mortg. Co.,* 471 F.3d 977, 990 (9th Cir. 2006) (recognizing that fraud-based cases may be unsuitable for class treatment where there is "material variation in the representations made or in the kinds or degrees of reliance" by putative class members."); *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 979, 101 Cal. Rptr. 3d 37, 47 (Cal. Ct. App. 2009), review denied (Feb. 10, 2010) ("[C]ommon issues of fact do not predominate over the proposed class because the class would include subscribers who never saw DIRECTV advertisements or representations of any kind before deciding to purchase the company's HD services, and subscribers who only saw and/or relied upon advertisements that contained no mention of technical terms regarding bandwidth or pixels, and subscribers who purchased DIRECTV HD primarily based on word of mouth or because they saw DIRECTV's HD in a store or at a friend's or family member's home. **In short, common issues of fact do not predominate over Cohen's proposed class because the members of the class stand in a myriad of different positions insofar as the essential allegation in the complaint is concerned**, namely, that DIRECTV violated the CLRA and the UCL by inducing subscribers to purchase HD services with false advertising.") (emphasis added); *Akkerman v. Mecta Corp., Inc.,* 152 Cal. App. 4th 1094, 1101, 62 Cal. Rptr. 3d 39, 45 (Cal. Ct. App. 2007) (Akkerman defined the class as "'all members of the public who have received shock treatment in California from MECTA devices after September of 1997.' But the trial court reasonably could find that this definition is overbroad…. [T]he court could find that the class … would involve only ECT patients *deceived* by Mecta. Moreover, Akkerman did not show how he could easily identify those who were deceived or distinguish between those patients and (1) patients who relied in whole or in part on their doctor's advice, or (2) those who relied on state mandated ECT patient informed consent forms which disclose the risks.").

Fax.   (510) 874-1460
Email

William S. Ohlemeyer (NY State Bar No. 3995651, Admitted *pro hac vice*)
Brooke A. Alexander (NY State Bar No. 4678900, Admitted *pro hac vice*)
333 Main Street
Armonk, New York 10504
Tel.   (914) 749-8200
Fax.   (914) 749-8300
Email  wohlemeyer@bsfllp.com
         balexander@bsfllp.com

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the following document(s):

- **REPLY IN SUPPORT OF DEFENDANT, FITFLOP USA, LLC'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE, PURSUANT TO FED.R.CIV.O. 12(b)(6) AND 12(f).**

To be delivered **via CM/ECF** upon all counsel of record as indicated/listed on the United States District Court, Southern District of California's CM/ECF registered e-mail list in the referenced matter.

Executed this 19th day of September, 2011, at Armonk, New York.

/s/ Brooke A. Alexander
balexander@bsllp.com