FILED

12 DEC 20 AM 10: 26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA ROSALES, et al.,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>FITFLOP USA, LLC,<br><br>　　　　　　　Defendant. | CASE NO. 11cv0973-W(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>[Doc. No. 40] |

　　Before the Court is a Joint Motion for Determination of Discovery Dispute, as well as supporting and opposing points and authorities, declarations, and exhibits. [Doc. No. 40.] The parties' dispute involves plaintiff Charlice Arnold's response to Document Request No. 1 of defendant's First Set of Requests for Production of Documents. Defendant's Document Request No. 1 seeks access to certain medical information. For the reasons outlined below, the Court finds that defendant's request for an order compelling plaintiff Charlice Arnold to provide a complete response to Request No. 1 must be GRANTED.

### Background

　　Plaintiffs are consumers who purchased FitFlop Footwear which was marketed through various retailers in the United States by defendant FitFlop USA LLC ("FitFlop"). According to the Complaint, FitFlop has marketed its footwear in the United States since 2007. Generally, plaintiffs allege that FitFlop engaged in deceptive and wrongful business practices, because its footwear does not provide

the benefits claimed in its extensive advertising campaign. Plaintiffs allege that FitFlop has warranted and represented that its products will provide wearers with a variety of health benefits, but in reality FitFlop's footwear does not provide the promised benefits and may actually cause or exacerbate the type of problems it claims to protect against. [Doc. No. 10, at pp. 1-4, 18-22.]

Plaintiffs' First Amended Class Action Complaint ("Complaint") includes the following three causes of action: (1) violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*); (2) violations of the California Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); and (3) breach of express warranty. [Doc. No. 10, at pp. 18-22.]

### Discussion

The scope of discovery under Rule 26(b) is broad: "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party involved in the pending action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). However, a court may limit discovery of relevant material if it determines that the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit. The party resisting discovery generally bears the burden to show that the discovery requested is irrelevant to the issues in the case or is overly broad, unduly burdensome, unreasonable, or oppressive. If the resisting party meets its burden, the burden shifts to the moving party to show the information is relevant and necessary. *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (2010).

### Defendant's First Set of Requests for Production of Documents

### Document Request No. 1

Defendant's original Document Request No. 1 demanded that plaintiff Charlice Arnold produce a very broad range of medical records. However, as a result of meet and confer sessions, defendant limited Request No. 1 to medical records "related to any conditions of the feet, legs, or back, or any condition which affected her locomotion, or placed any limitations on her ability to work, exercise, or perform any physical activity." [Doc. No. 40, at pp. 3, 4-5] Despite this limitation, plaintiff Charlice Arnold is unwilling to produce any medical records. [Doc. No. 40, at p. 7.]

Plaintiff argues that her medical records are irrelevant to the issues raised in the First Amended Complaint. She also argues that her medical records are confidential and protected from disclosure by the physician-patient privilege in California Evidence Code Sections 990, *et seq.* and the right to privacy in the California Constitution. Plaintiff acknowledges that there is a "patient-litigant" exception to the privilege and that a litigant may waive any right to privacy. However, plaintiff contends that exception and waiver do not apply in this case, because she has not put her medical condition at issue. According to plaintiff, she has not put her medical condition at issue because her claim only involves false advertisement of defendant's products and she seeks purely economic damages with no claim of physical injury. [Doc. No. 40, at p. 10, 15, 18.] In support of this argument, plaintiff submitted a portion of her deposition in which she said she is "not claiming injury," and she is only seeking to recover the price of the products she purchased. [Doc. No. 40-3, at p. 7.]

Defendant argues that the Court should compel plaintiff to produce limited medical records in response to Request No. 1, as revised, because they are relevant to a number of claims or defenses raised by the parties' pleadings. As an example, defendant cites the issue of causation and the affirmative defenses claim it has raised premised on a lack of causation between product usage and any of the plaintiffs' claimed injuries. In this regard, plaintiff Charlice Arnold specifically alleges in the Complaint that she was exposed to advertising claims indicating FitFlop Footwear "improves posture, increases muscle activation and toning, and reduces joint strain." [Doc. No. 10, at p. 5.] Based on this advertising, plaintiff alleges that she purchased two pair of FitFlop sandals at the "premium" price of approximately $59.99 each but would not have done so if she had known the truth about defendant's claims. [Doc. No. 10, at p. 5.] Although the Complaint does not specifically state what injuries or damages are claimed by plaintiff Charlice Arnold, it is generally alleged that FitFlop's advertising is deceptive because FitFlop Footwear does not provide any of the advertised health benefits. [Doc. No. 10, at p. 3.]

Defendant contends that the requested medical records could show a lack of causation. For example, the requested medical records could show that the defendant's products did not cause any of plaintiff Charlice Arnold's claimed injuries, because she has a pre-existing medical condition, such as arthritis, and therefore could not benefit from wearing FitFlop Footwear. Defendant also argues that the requested records are relevant to class certification issues. For example, defendant has reason to

believe plaintiff Charlice Arnold has a medical condition that could prevent her from benefitting from FitFlop Footwear. As a result, defendant believes it may be able to show she is not an adequate class representative because there are causation and other deficiencies that are unique to her.

Under California law, unfair competition and false advertising claims by consumers have an "injury in fact" or "actual injury" requirement. *Kwikset v. Superior Court (Orange County)*, 51 Cal.4th 310, 321-323 (2011). "'Injury in fact' is a legal term of art." *Id.* at 322. "[E]conomic injury is but one among many types of injury in fact." *Id.* at 324. However, in claims involving unfair competition or false advertising, the "injury in fact" requirement means the plaintiff must demonstrate "some form of economic injury." *Id.* at 323. "[P]roof of lost money or property will generally satisfy the element of injury in fact." *Id.* at 325 n. 8. In addition, the plaintiff must also show that the economic injury was caused by the defendant's unfair competition or false advertising. *Id.* at 326. For example, a consumer who relies on misrepresentations on a product label can establish causation by showing "he or she would not have bought the product but for the misrepresentation". *Id.* at 330. "For each consumer who relies on the truth and accuracy of a label and is deceived by misrepresentations into making a purchase, the economic harm is the same: the consumer has purchased a product that he or she paid more for than he or she otherwise might have been willing to pay if the product had been labeled accurately." *Id.* at 329. "[T]he extra money paid is economic injury." *Id.* at 330.

"Under sections 990 et seq. and 1010, et seq. of the Evidence Code, a patient enjoys a privilege to refuse to disclose any 'confidential communication' between himself and a treating physician. . . ." *Britt v. Superior Court*, 20 Cal.3d 844, 862 (1978). However, Evidence Code sections 996 and 1016 provide for an exception to the privilege for any communications relevant to an issue tendered by or through the patient about their medical condition. *Id.* Although the California Constitution does include a right of privacy, it is not absolute and may be waived when an opposing party in litigation seeks private information that is "*directly relevant*" to an issue in the case. *Tylo v. Superior Court*, 55 Cal.App.4th 1379, 1387 (1997). Any waiver of the right to privacy must be narrowly construed. *Id.*

/ / /

/ / /

/ / /

Plaintiff Charlice Arnold's arguments are inconsistent with allegations made in the Complaint. On the one hand, the Complaint states that plaintiffs intend to certify a class that excludes persons "who assert claims for personal injury." [Doc. No. 10, at p. 17.] In their Joint Motion, it is also represented that plaintiffs are seeking "purely economic damages and [are] specifically exclud[ing] claims for personal injuries." [Doc. No. 40, at p. 16.]

On the other hand, the allegations in the Complaint appear to include health related claims, and are therefore distinguishable from cases claiming pure economic injuries. The Complaint alleges that defendant deceptively advertised that FitFlop Footwear has "a variety of health benefits ordinary footwear cannot provide." [Doc. No. 10, at p. 3.] The Complaint further alleges that FitFlop Footwear "may cause or exacerbate the very type of problems defendant claims its footwear protects against." [Doc. No. 10, at p. 3.] According to the Complaint, there is "no beneficial effect" to wearing FitFlop Footwear. [Doc. No. 10, at p. 3.] The Complaint specifically alleges that defendant's products do not "perform as advertised" and that "[t]he only reason a consumer would purchase the premium-priced FifFlop Footwear (as opposed to less expensive, ordinary flip flops/sandals/other footwear) is to obtain the advertised health benefits. . . ." [Doc. No. 10, at p. 3.] Most significantly, it is alleged that plaintiff Charlice Arnold "suffered injury in fact and lost money" as a result of defendant's conduct and did not experience the promised "toning, posture and muscle activation benefits." [Doc. No. 10, at p. 4. *See also* pp. 20, 21.] The Complaint generally claims that "wearing FitFlop products could result in harm to the wearer." [Doc. No. 10, at p. 14.] Finally, in the prayer for relief, the Complaint merely seeks unqualified "damages." This suggests plaintiff may be seeking more than "purely economic damages." [Doc. No. 10, at p. 24.]

Plaintiff cannot have it both ways. She cannot contend that the products at issue did not provide the health benefits represented, causing "injury in fact" to the class plaintiffs, and simultaneously contend that she is only seeking monetary damages for the cost of the shoes purchased. As framed, the Complaint places plaintiff Charlice Arnold's physical condition at issue, limited to the health effects, if any, of wearing FitFlop Footwear, including issues related to posture, muscle activation and toning, or joint strain, and whether the subject shoes exacerbated any pre-existing condition. In other words, Document Request No. 1, as limited and revised during the parties' meet and confer sessions, does seek

documents that are directly relevant to the allegations in the operative Complaint and to some of defendant's affirmative defenses. As a result, the patient-litigant exception does apply and plaintiff Charlice Arnold has narrowly waived her constitutional right to privacy. Therefore, defendant is entitled to an order compelling plaintiff Charlice Arnold to provide a complete response to Document Request No. 1, as revised.

### *Conclusion*

For the foregoing reasons, IT IS HEREBY ORDERED THAT defendant's request for an order compelling plaintiff Charlice Arnold to provide a further response to defendant's Document Request No. 1 is GRANTED.

1. *No later than January 28, 2012*, plaintiff Charlice Arnold shall produce any and all medical records "related to any conditions of the feet, legs, or back, or any condition which affected her locomotion, or placed any limitations on her ability to work, exercise, or perform any physical activity." [Doc. No. 10, at pp. 4-5.]

2. To the extent plaintiffs wish to amend the operative Complaint to clarify that they are not seeking any damages for physical or emotional injury and are only seeking economic damages limited to the price of the FitFlop products they allegedly purchased, they may file a motion to amend with the District Court *no later than January 28, 2013*. If plaintiffs file a motion to amend on the grounds discussed in this Order, their obligation to provide defendant with a full and complete response to Document Request No. 1 will be suspended pending the outcome of the motion. If plaintiffs succeed on a motion to amend on these grounds, and a second amended complaint is filed excluding all references to personal injuries and clarifying the damages being sought, plaintiff Charlice Arnold will no longer be required to provide a full and complete response to defendant's Document Request No. 1. For this limited purpose, the deadline for filing any motion to amend the pleadings in the Scheduling Order filed June 6, 2012 is extended to January 28, 2013. [Doc. No. 35.]

IT IS SO ORDERED.

Date: December 19, 2012

KAREN S. CRAWFORD
United States Magistrate Judge