FILED

13 MAR 11 AM 11:48

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  MP            DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA ROSALES,[1] and CHARLICE ARNOLD, on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FITFLOP USA, LLC,<br><br>Defendant. | CASE NO. 11cv973-W(KSC)<br><br>ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: LETTERS OF REQUEST TO CONDUCT INTERNATIONAL DEPOSITIONS<br><br>[Doc. No. 51 and 53] |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute Re: Plaintiff's Application for Issuance of a Letter of Request for International Judicial Assistance Pursuant to the Evidence Act of 1975 (Proceedings in Other Jurisdictions) to Permit Deposition Testimony and Production of Documents from Scott Thompson, Carina Price, Ann-Marie Buckley, Thierry Boue, Sara Mielke, David Cook, and Darren James. [Doc. Nos. 51 and 53.] For the reasons outlined below, the Court finds that plaintiff's request for assistance in conducting foreign discovery must be GRANTED in part and DENIED in part without prejudice.

///

---

[1] Plaintiff Arianna Rosales has withdrawn from the case, so Charlice Arnold is the only named plaintiff at this time. [Doc. Nos. 64-1, at 2 n.1 and 65, at p. 7.]

## ***Background***

Plaintiff is a consumers who purchased FitFlop Footwear which was marketed through various retailers in the United States by defendant FitFlop USA LLC ("FitFlop"). According to the First Amended Class Action Complaint ("Complaint"), FitFlop has marketed its footwear in the United States since 2007. Generally, plaintiff alleges that FitFlop engaged in deceptive and wrongful business practices, because its footwear does not provide the benefits claimed in its extensive advertising campaign. Plaintiff alleges that FitFlop has warranted and represented that its products will provide wearers with a variety of health benefits, but in reality FitFlop Footwear does not provide the promised benefits and may actually cause or exacerbate the type of problems it claims to protect against. [Doc. No. 10, at pp. 1-4, 18-22.]

Plaintiff's Complaint includes the following three causes of action: (1) violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*); (2) violations of the California Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); and (3) breach of express warranty. [Doc. No. 10, at pp. 18-22.]

## ***Discussion***

The scope of discovery under Rule 26(b) is broad: "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party involved in the pending action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). However, a court may limit discovery of relevant material if it determines that the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit. The party resisting discovery generally bears the burden to show that the discovery requested is irrelevant to the issues in the case or is overly broad, unduly burdensome, unreasonable, or oppressive. If the resisting party meets its burden, the burden shifts to the moving party to show the

information is relevant and necessary. *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (2010).

The Federal Rules of Civil Procedure require a "just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1. "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii).

Courts have wide discretion in limiting discovery prior to a hearing on class certification rules under Federal Rules of Civil Procedure 23. *In re Rail Freight Fuel Surcharge Anti-Trust Litigation*, 258 F.R.D. 167, 169, 172 (2009). Under Rule 23, the Court must determine whether to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative. . . ." Fed.R.Civ.P. 23(c)(1)(A). "Simultaneous class discovery and merits discovery may generate 'extraordinary and unnecessary expense and burden' in that the parties may waste resources on merits discovery that turns out to be unnecessary either because the class is defined more narrowly than expected or the plaintiffs decide to discontinue the case after a denial of certification." *In re Rail Freight Fuel Surcharge Anti-Trust Litigation*, 258 F.R.D. at 170. In resolving discovery disputes prior to class certification, the Court must "balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties." *Id.* at 172.

"American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests. When it is necessary to seek

evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 546 (1987).

To determine whether foreign discovery should be allowed, "a court should consider: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Seoul Semiconductor Co. Ltd. v. Nichia Corp.*, 590 F.Supp.2d 832, 834 (E.D. Tex. 2008).

### A. *Co-Inventor Depositions*.

In advertisements, Dr. David Cook and Darren James were identified as co-inventors of technology used in FitFlop Footwear that is claimed "to help women squeeze a little more exercise into their increasingly hectic schedules." [Doc. Nos. 51, 53, at p. 8-9.] This and similar advertising claims by FitFlop are at the center of matters raised in plaintiff's Complaint. As a result, plaintiff is entitled to take the depositions of Dr. David Cook and Darren James and to request that they produce any relevant documents in their possession, custody, or control. Depositions of these individuals were previously set by agreement of the parties for November 14 and 15, 2012 in England but were unilaterally cancelled by their employer. Defendant agrees that plaintiff is entitled to depose these individuals. However, because these individuals are located in England, plaintiff does not believe the depositions will be allowed to proceed without a letter of request. Based on the foregoing, the Court finds that plaintiff's application for a Letter of Request to depose and seek documents from Dr. David Cook and Darren James must be GRANTED.

///

**B.  *<u>Other Non-Party Witnesses</u>*.**

In addition to the co-inventors discussed above, plaintiff also seeks a letter of request to depose and request documents from the following non-party witnesses: Scott Thompson, Carina Price, Ann-Marie Buckley, Thierry Boue, and Sara Mielke. In the Joint Motion, plaintiff provides descriptive information about each individual and their connection to FitFlop Footwear. All of these individuals, except Carina Price, were formerly employed by defendant. Carina Price was a researcher at the University of Salford who was allegedly involved in studies conducted concerning FitFlop Footwear.

Plaintiff claims it must depose these individuals in order to: (1) authenticate documents;[2] (2) understand the process used to craft and substantiate FitFlop's health benefit claims; (3) explain the procedures implemented to ensure that the claimed health benefits were accurate; and (4) provide details as to how such a large number of "unverified" health benefits were presented to the public. [Doc. No. 51, at p. 11.]

Although it is clear from plaintiff's descriptive information about these non-party witnesses that they have relevant personal knowledge about defendant's past operations and the development of FitFlop Footwear, plaintiff has not adequately justified why it is necessary to depose each of these individuals. For example, plaintiff has not cited any particular information or documents prepared or received by these individuals that need further explanation or clarification that plaintiff has been unable to obtain from defendant. As a result, plaintiff has not met its burden of satisfying the heightened standard for obtaining foreign discovery from these non-party witnesses.

In addition, defendant objects to the depositions of these non-party witnesses on several grounds that have not been adequately addressed by plaintiff. First, plaintiff has known about these non-party witnesses for an extended period of time but waited

---

[2] This Court is not persuaded that the testimony of the subject individuals is necessary to authenticate documents. Authentication can be accomplished by stipulation or written discovery requests. It is expected that a party who produced documents will stipulate to authenticity to the extent that party created the documents.

until nine days before discovery was scheduled to close, even after the discovery cutoff had already been extended, to seek the Court's assistance in deposing them.[3] Plaintiff's request to depose these non-party witnesses and to seek documents from them is therefore untimely. As a result, defendant understandably believes plaintiff is seeking to depose these individuals in order to further extend discovery and to raise the costs of litigation to "strong-arm" defendant into settling the lawsuit.

Second, defendant argues that the requested depositions are unnecessary because plaintiff has already deposed other individuals with the same or similar personal knowledge, so the testimony of these non-party witnesses is unimportant to a resolution of the case. Third, plaintiff has already searched Electronically Stored Information ("ESI") and hard copy files pertaining to these individuals and has previously provided this discovery to plaintiff, so there does not appear to be any reason to request documents from these non-party witnesses.

It is also significant that plaintiff has not argued that any of the requested depositions or documents requests are necessary to brief class certification. In other Orders, the Court directed the parties to focus their efforts at this time on completing class discovery and filing any motions related to class certification before completing any remaining fact and expert discovery.

## *Conclusion*

Based on the foregoing, the Court finds that plaintiff's request for the issuance of a Letter of Request to conduct discovery internationally must be GRANTED in part and DENIED in part. Accordingly, IT IS HEREBY ORDER THAT:

1. Plaintiff's Application for Issuance of a Letter of Request for International Judicial Assistance Pursuant to the Evidence Act of 1975 (Proceedings in Other

---

[3] As explained in the Court's Scheduling Orders, all discovery must be "completed" by the cutoff date. "'Completed' means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure." [*See, e.g.,* Doc. No. 60, Second Amended Scheduling Order, filed Jan. 9, 2013.]

1  Jurisdictions) to Permit Deposition Testimony and Production of Documents from
2  Dr. David Cook and Darren James is GRANTED. If the parties agree, this discovery
3  may proceed before there is a ruling from the District Court on class certification.
4  Plaintiff's counsel shall submit a proposed Letter of Request directly to Judge
5  Crawford's chambers for consideration and signature.

6      2.    Plaintiff's Application for Issuance of a Letter of Request for International
7  Judicial Assistance Pursuant to the Evidence Act of 1975 (Proceedings in Other
8  Jurisdictions) to Permit Deposition Testimony and Production of Documents from
9  Scott Thompson, Carina Price, Ann-Marie Buckley, Thierry Boue, and Sara Mielke is
10 DENIED without prejudice. After the District Court rules on class certification,
11 plaintiff may renew the request to depose and seek documents from these individuals.
12 However, plaintiff must first satisfy meet and confer requirements and must also be
13 prepared to justify this discovery based on the heightened standards discussed above
14 for conducting international discovery. In addition, plaintiff must adequately address
15 the untimeliness of its request for this discovery.

16     IT IS SO ORDERED.
17 Date: _____March 11_____, 2013

20 KAREN S. CRAWFORD
United States Magistrate Judge