FILED

13 MAR 29 PM 3: 38

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLICE ARNOLD, on Behalf of Herself and Others Similarly Situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>FITFLOP USA, LLC,<br><br>          Defendant. | CASE NO. 11cv973-W(KSC)<br><br>ORDER DENYING WITHOUT PREJUDICE VARIOUS MOTIONS SUBMITTED BY PLAINTIFF TO FILE PORTIONS OF JOINT MOTIONS AND VARIOUS EXHIBITS UNDER SEAL;<br><br>ORDER TO SHOW CAUSE<br><br>[Doc. Nos. 37, 45, 50, 54, 70] |

Before the Court are several motions submitted by plaintiff that are each entitled "Motion to File Documents Under Seal." [Doc. Nos. 37, 45, 50, 54, 70.] Each of these Motions was filed by plaintiff's counsel in connection with a Joint Motion seeking the Court's assistance in resolving a discovery dispute. In each of these Motions to File Documents Under Seal, plaintiff requests that the Court file certain portions of the related Joint Motions and some accompanying exhibits and declarations under seal.

For the reasons outlined below, this Court finds that the above-referenced Motions to File Documents Under Seal must be DENIED WITHOUT PREJUDICE. Defendant shall have 30 days from the date this Order is filed to show good cause for sealing each redaction in the related Joint Motions and for sealing each of the "confidential" exhibits attached to those Joint Motions. In addition, any future requests

to file documents under seal must be made jointly by the parties as required by Judge Crawford's Chambers Rules and must include a showing of good cause as outlined more fully below.

## *Background*

Plaintiff has filed the above-referenced Motions to File Documents Under Seal seeking protection of documents defendant has designated as "confidential" during the discovery process pursuant to the terms of a Protective Order filed on May 22, 2013. [Doc. No. 34.] In connection with each of the Motions to File Documents Under Seal, plaintiff has filed two copies of each related Joint Motion. One copy of each Joint Motion has been filed in the public record with redactions to portions of the text that refer to defendant's "confidential" documents. In addition, publicly filed Joint Motions do not include copies of attached exhibits that defendant has designated "confidential." The other copy of each Joint Motion has been conditionally filed under seal with all exhibits and no redactions. All of the discovery disputes raised in the parties' Joint Motions have been resolved by the Court, except for the latest Joint Motion which was filed on March 21, 2013. [Doc. No. 72.]

## *Discussion*

"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). As stated in the stipulated Protective Order filed May 22, 2012: "The Parties acknowledge that this Order creates no entitlement to file Confidential Information under seal." [Doc. No. 34, at p. 7.] "Such blanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

///

1 | Under Federal Rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed.R.Civ.P. 26(c). For example, the Court may require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . ." Fed.R.Civ.P. 26(c)(1)(G). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, (9th Cir. 2003). Broad, conclusory allegations of potential harm are not enough. A party seeking a protective order must provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Id.* at 1130-1131.

Here, defendant has not made any particularized showing of good cause to justify sealing any of the redacted portions of the parties' Joint Motions or any of the "confidential" exhibits attached to those Joint Motions. As a result, it is unclear why this Court should enter an Order allowing these redactions and exhibits to remain under seal. In the absence of a showing of good cause, there is simply no justification for this Court to grant all of the pending Motions to File Documents Under Seal. The Court must therefore remove the conditional seal from these documents unless defendant can meet the "good cause" standard under Rule 26(c)(1).

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED THAT plaintiff's Motions to File Documents Under Seal [Doc. Nos. 37, 45, 50, 54, 70] are DENIED WITHOUT PREJUDICE. Defendant shall have 30 days from the date this Order is filed to show good cause for sealing each redaction in the related Joint Motions and for sealing each of the "confidential" exhibits attached to those Joint Motions. Good cause may be shown by filing a document entitled "Response to Order to Show Cause," along with any supporting documents, declarations, or affidavits. The Response to Order to Show

Cause must make the required showing of good cause as to each redaction or exhibit by referencing the corresponding docket number, page, and paragraph. In the meantime, the Joint Motions and exhibits that are the subject of this Order shall remain under seal. If defendant does not file a timely "Response to Order to Show Cause," the Clerk of the Court will be directed to remove the seal from the Joint Motions and exhibits that correspond with Docket Nos. 37, 45, 50, and 70.

IT IS SO ORDERED.

Date: __March 29__, 2013

KAREN S. CRAWFORD
United States Magistrate Judge