1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   ARIANA ROSALES and                    CASE NO: 11-CV-0973 W (KSC)
     CHARLICE ARNOLD,
12
13                          Plaintiffs,     **ORDER DENYING IN PART AND**
                                            **GRANTING IN PART**
14        v.                                **PLAINTIFF'S MOTION FOR**
                                            **LEAVE TO FILE SECOND**
15   FITFLOP USA, LLC,                      **AMENDED COMPLAINT**
                                            **[DOC. 64]**
16
17                          Defendant.
18        Pending before the Court is Plaintiff Charlice Arnold's motion for leave to file
19   a second amended complaint ("SAC").[1]  (*Mtn.* [Doc. 64].)  Defendant FitFlop USA,
20   LLC, opposes the motion, in part. (*See Opp'n* [Doc. 65].)
21        The Court decides the matter on the papers submitted and without oral
22   argument.  See S.D. Cal. Civ. L.R. 7.1(d)(1).  For the reasons stated below, the Court
23   **DENIES IN PART** and **GRANTS IN PART** Plaintiff's motion [Doc. 64].
24   //
25   //
26   //
27   _____
28        [1] Plaintiff Rosales withdrew from the case on July 21, 2011, leaving Charlice Arnold as
     the sole Plaintiff.

1    I.      B<small>ACKGROUND</small>

2           On June 6, 2012, Magistrate Judge Karen S. Crawford issued the Scheduling

3    Order setting July 9, 2012 as the deadline to join other parties, amend pleadings, or file

4    additional pleadings.  (*Sched. Order* [Doc. 35] 1:20-21.)  Discovery commenced the

5    same day.  (*Opp'n* 2:12.)  On August 16, 2012, counsel for Defendant took Arnold's

6    deposition and promptly sent a copy to her attorneys.  (*Id.* 3:11-12.)  The deposition

7    detailed information regarding Arnold's "multiple entanglements with the judicial

8    system," which counsel for Defendant had learned of a year earlier by searching public

9    records.  (*Id.* 3:1-10.)

10          On August 27, 2012, the parties filed a joint motion for determination of a

11   discovery dispute.  (*See Jt. Mtn.* [Doc. 40].)  The dispute related to Arnold's refusal to

12   produce certain medical records.  (*Jt. Mtn.* 1:11-25.)  Arnold argued, in part, that the

13   documents were not relevant because she was not seeking damages for personal injuries.

14   (*Id.* 8:9–11, 16–19.)  On December 19, 2012, Judge Crawford issued an order finding

15   that Arnold's argument was inconsistent with certain allegations in the First Amended

16   Complaint ("FAC").  (*See Order* [Doc. 58], 5:1–6:5.)  Accordingly, Judge Crawford

17   ordered that Arnold either produce the documents requested or file a motion to amend

18   limited to clarifying "that they are not seeking any damages for physical or emotional

19   injury and are only seeking economic damages limited to the price of the FitFlp

20   products they allegedly purchased . . ."  (*Id.* 6:14–16.)

21          On January 28, 2013, Arnold filed the current motion to amend the FAC to

22   clarify the damages sought, as well as to add an evidentiary allegation and another

23   named plaintiff.  Defendant opposes the request to add another named plaintiff.

24   //

25   //

26   //

27   //

28   //

1    II.    LEGAL STANDARD

2          Ordinarily, Federal Rule of Civil Procedure Rule 15(a) governs motions for leave

3    to amend the complaint.  Rule 15(a) provides that after a responsive pleading has been

4    served, a party may amend its complaint only with leave of court, and leave "shall be

5    freely given when justice so requires." Fed. R. Civ. P. 15(a).  Five factors are taken into

6    account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue

7    delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether

8    the plaintiff has previously amended the complaint.  Johnson v. Buckley, 356 F.3d 1067,

9    1077 (9th Cir. 2004).  "Prejudice to the opposing party is the most important factor."

10   Jackson, 902 F.2d at 1387.

11         Once the court-ordered deadline for amending  pleadings has passed, Rule 16

12   governs.  This Rule provides that a "party seeking to amend [a] pleading after [the]

13   date specified in [the] scheduling order must first show 'good cause' for amendment [of

14   the scheduling order] under Rule 16(b), then, if 'good cause' be shown, the party must

15   demonstrate that [the] amendment was proper under Rule 15." Johnson v. Mammoth

16   Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (citing Forstmann v. Culp, 114

17   F.R.D. 83, 85 (M.D.N.C. 1987) and Financial Holding Corp. v. Garnac Grain Co., 127

18   F.R.D. 165, 166 (W.D. Mo. 1987)).  Furthermore, the "'good cause' standard primarily

19   considers the diligence of the party seeking the amendment." Id at 609.  "While a court

20   may take into account any prejudice to the party opposing modification of the

21   scheduling order, 'the focus of the inquiry is upon the moving party's reasons for seeking

22   modification . . . [i]f that party was not diligent, the inquiry should end.'" In re Western

23   States Natural Gas Antitrust Litigation, — F. 3d —, 2013 WL 1449919, at *14 (9th

24   Cir. April 10, 2013) (quoting id).  In ruling on matters such as these, which involve the

25   supervision of the pretrial phase of litigation, "[t]he district court is given broad

26   discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985).

27   //

28   //

III.   DISCUSSION

   A.   Request to Clarify Damages Sought

Arnold seeks to amend the complaint to clarify that she does not seek recovery for personal injury on behalf of herself or the proposed class. (*Mtn.* 1:8-12.)  To resolve the discovery dispute regarding damages, Magistrate Crawford allowed Arnold to amend the complaint on or before January 28, 2013 for the limited purpose of clarifying that she is "not seeking any damages for physical or emotional injury" and "only seeking economic damages." (*Order* 6:14-17.)  Arnold's proposed amendment regarding damages meets this deadline and falls within the limited scope allowed by Magistrate Crawford's order. (*Mtn.*)

Additionally, Defendant does not oppose this limited amendment.  Because the amendment meets the Rule 15 standard, the Court grants Arnold leave to amend the complaint to clarify damages.

   B.   Request to Substitute the Class Representative and Add Evidentiary Support

Additionally, Arnold seeks to substitute herself as class representative with Ms. Angie Ojeda and add factual evidence not available when the FAC was filed.[2]  (*Mtn.* 1:8-15, 4:6-7.)  However, Magistrate Crawford did not grant a general extension of the deadline regarding amending pleadings or adding parties.  Rather, her order limited the scope of amendment to "clarify[ing] that [Arnold] [is] not seeking any damages for physical or emotional injury and only seeking economic damages." (*Order* 6:14-17.)  The sole purpose of this narrow allowance was to resolve the discovery dispute.  The order states, "[f]or this limited purpose, the deadline for filing any motion to amend the pleadings in the Scheduling Order filed June 6, 2012 is extended to January 28, 2013."

---

[2] Arnold seeks to add factual information regarding a study, "Do Fitflops™ increase lower limb muscle activity?", by K.E. Burgess and P.A. Swinton ("the Burgess Study") that was published in August 2012. (*Mtn.* 3:9-12.)

1   (*Id.* 6:23-24.)  Magistrate Crawford's language makes it extremely clear that the motion
2   to amend deadline was not extended for any other purpose.  Thus, any amendments
3   beyond clarifying the damages issue are subject to Rule 16's standard.

4          Under Rule 16, "the scheduling order 'control[s] the subsequent course of the
5   action' unless modified by the court."  Johnson, 975 F.2d at 608 (quoting Fed. R. Civ.
6   P. 16).  According to Johnson, a court may deny a motion to amend the pleadings
7   where the plaintiff failed to first move to amend the scheduling order.  See id at 608-09.
8   Here, Arnold did not move to amend the Scheduling Order and thus, the deadline for
9   generally amending the pleadings and adding parties passed.  For this reason alone, the
10  Court denies Arnold's motion to amend to substitute a new named plaintiff and add
11  evidentiary information.

12         Nevertheless, even if the Court were to consider Arnold's current motion as a
13  motion also to amend the Scheduling Order, Arnold does not satisfy the Rule 16
14  standard.  Rule 16 requires that Arnold show 'good cause' for amendment of the
15  scheduling order.  See  Johnson, 975 F.2d at 608.  To assess 'good cause', the main
16  inquiry is Arnold's diligence.  Id at 609; In re Western, 2013 WL 1449919, at *14.  If
17  Arnold "was not diligent, the inquiry should end" and the motion to modify should not
18  be granted.  Id.  The degree to which Arnold's motion is tardy and the fact that she
19  failed to file a prior motion to modify the Scheduling Order are important in assessing
20  her diligence.  See  In re Western, 2013 WL 1449919, at *14 (indicating the
21  importance of a moving party's prior awareness of facts and theories supporting the
22  current proposed amendments in assessing that party's diligence).

23         Arnold's counsel admits to having actual knowledge by August 27, 2012 of both
24  her history and of Defendant's plan to argue that it renders her an inadequate class
25  representative.  (*Mtn.* 6:19-28.)  At that time, Arnold should have acted diligently by
26  moving to modify the Scheduling Order to allow her additional time to find a better-
27
28

1  suited class representative and to file the proposed SAC in a timely manner.[3]  Instead,

2  Arnold waited five more months before filing this motion.

3  Moreover, Arnold does not present a persuasive excuse for her excessive

4  tardiness.  In fact, Defendant points out her tardiness in its Opposition, but Arnold does

5  not directly address it or give a reasonable explanation in her Reply.  (*Opp'n* 8:6-8;

6  *Reply*.)  Instead, Arnold states that "another plaintiff could not be added to the case

7  unless a class member expressed his or her willingness to step forward to represent the

8  class" and that "[a]fter Ms. Ojeda decided to become a named plaintiff and retained

9  [Arnold's] counsel in January 2013," she filed the motion promptly.  (*Reply* 8:12-18.)

10  The explanation is not persuasive; rather, it illustrates counsel's passivity in waiting for

11  a better-suited class representative "to step forward" and fails to even suggest diligence

12  in attempting to find a new class representative.

13  Moreover, Arnold's counsel's passivity and lack of diligence is further illustrated

14  by their failure to discover Arnold's problematic legal history well before her deposition.

15  Arguably, Arnold's attorneys should have known of her legal problems even before

16  naming her a class representative.  Furthermore, had they been diligent, counsel would

17  have at least known in time to meet the pertinent deadline for substitution.  Counsel

18  could have asked Arnold at any time about her legal history.  Indeed, Defendants

19  learned of Arnold's legal history in August 2011, a year before taking her deposition,

20  by simply searching public records.  (*Opp'n* 3:1-10.)  Thus, Arnold's attorneys had

21  available to them two avenues by which they could have learned of her problematic

22  legal history well before the July deadline for amending the FAC.

23  The Court finds that Arnold's attorneys' lack of diligence early in the litigation,

24  their knowledge of her legal history by August 2012, coupled with their failure to move

25  to amend the Scheduling Order and excessive tardiness in filing the current motion

26

27  _____

28  [3] In fact, Arnold filed a Joint Motion to Continue Certain Pretrial Deadlines on August 30, 2012, but failed to request a continuance of the deadline to amend pleadings generally or add parties despite Arnold's attorneys' knowledge of her problematic legal history by then.

1   amounts to a lack of diligence.  See  Johnson, 975 F.2d at 606-11 (holding where the

2   plaintiff moved to join a defendant four months after the deadline to join parties, the

3   plaintiff "failed to demonstrate good cause for his belated motion to amend" because

4   the joined defendant's answer to the complaint and responses to interrogatories put him

5   on notice that he hadn't joined the correct party.)  Accordingly, Arnold's motion to

6   amend to add a new class representative and evidentiary support is denied.

7

8   **III.    CONCLUSION AND ORDER**

9       For these reasons, the Court **DENIES IN PART** and **GRANTS IN PART**

10  Arnold's motion to file a second amended complaint [Doc. 64].

11      **IT IS SO ORDERED.**

12

13  **DATED:  June 17, 2013**

14  _____

15  Hon. Thomas J. Whelan
    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28