BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
THOMAS J. O'REARDON II (247952)
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

WOLF HALDENSTEIN ADLER FREEMAN
    & HERZ, LLP
JANINE L. POLLACK (*pro hac vice*)
MICHAEL LISKOW (243899)
270 Madison Avenue, 10th Floor
New York, New York 10116
Telephone: 212/545-4600
212/545-4762 (fax)
pollack@whafh.com
liskow@whafh.com

Attorneys for Plaintiff and Proposed Class Counsel

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA ROSALES, and CHARLICE ARNOLD, on Behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>FITFLOP USA, LLC,<br><br>Defendant. | Case No.: 11-cv-0973-W (KSC)<br><br>CLASS ACTION<br><br>**STIPULATION OF SETTLEMENT**<br><br>Judge: Hon. Thomas J. Whelan<br>Courtroom: 3C, 3rd Floor - Schwartz<br>Date Filed: May 5, 2011 |

BLOOD HURST & O'REARDON, LLP

**TABLE OF CONTENTS**

**PAGE NO.**

I.      RECITALS .................................................................................................. 1

II.     DEFINITIONS ........................................................................................... 3

III.    CERTIFICATION OF THE CLASS ........................................................ 9

IV.     SETTLEMENT RELIEF............................................................................ 9

V.      CLAIM FORM SUBMISSION AND REVIEW ...................................... 13

VI.     RETENTION OF THE SETTLEMENT ADMINISTRATOR ................. 14

VII.    NOTICE TO THE SETTLEMENT CLASS ............................................. 15

VIII.   OBJECTIONS, REQUESTS FOR EXCLUSION, and MEDIA
        COMMUNICATIONS................................................................................ 17

IX.     RELEASES ................................................................................................ 19

X.      ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF
        SERVICE AWARDS ................................................................................ 21

XI.     FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT ...... 22

XII.    REPRESENTATIONS AND WARRANTIES.......................................... 23

XIII.   NO ADMISSIONS, NO USE .................................................................... 23

XIV.    TERMINATION OF THIS AGREEMENT ............................................. 24

XV.     MISCELLANEOUS PROVISIONS ........................................................ 25

BLOOD HURST & O'REARDON, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00067230

1

**TABLE OF EXHIBITS**

2

**Document**                                                    **Exhibit Number**

3

Final Judgment and Order Approving Settlement...............................................1

4

Claim Form.......................................................................................................2

5

Claims Protocol ...............................................................................................3

6

Long-form Notice ............................................................................................4

7

Short-form Notice............................................................................................5

8

Class Notice Plan.............................................................................................6

9

Preliminary Approval Order............................................................................7

10

List of Eligible FitFlop Footwear ...................................................................8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP

BLOOD HURST & O'REARDON, LLP

## I. RECITALS

A.     This Stipulation of Settlement is entered into by and among Plaintiff Charlice Arnold ("Plaintiff" or "Plaintiff Arnold"), on behalf of herself and the Class Members, and Defendant, and resolves in full this Action and the Other Action.   Capitalized terms used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement.   Subject to Court approval as required by the applicable Federal Rules of Civil Procedure, and as provided herein, the Parties hereby stipulate and agree that, in consideration for the promises and covenants set forth in the Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, this Action and the Other Action shall be settled and compromised upon the terms and conditions contained herein.

B.     WHEREAS, on May 4, 2011, plaintiff Arianna Rosales filed a class action complaint captioned *Rosales v. FitFlop U.S.A., Inc.*, No. 3:11-cv-00973-W(JMA) in the United States District Court for the Southern District of California.   (Doc. No. 1).   On July 15, 2011, plaintiff Arianna Rosales and Plaintiff Charlice Arnold filed a first amended class action complaint.   (Doc. No. 10).   On July 21, 2011, plaintiff Arianna Rosales filed a notice of withdrawal as a named plaintiff.   (Doc. No. 11).   On February 8, 2012, the Court issued an order denying Defendant's motion to dismiss, and, in the alternative, to strike.   (Doc. No. 24).   On March 25, 2013, Plaintiff filed a motion for class certification requesting that she or Angie Ojeda be appointed as class representative.   (Doc. No. 76).   The "Action" is entitled *Rosales v. FitFlop U.S.A., Inc.*, Case No. 3:11-cv-00973-W(KSC); and

C.     WHEREAS, Plaintiff alleges, among other things, that FitFlop manufactures, markets, and sells men's and women's sandals, boots, clogs, slippers, and shoes featuring "Microwobbleboard™ Technology" (collectively, the "FitFlop Footwear").   Through a nationwide advertising campaign, FitFlop

sold its products by advertising that wearing FitFlop Footwear would provide a variety of fitness benefits ordinary footwear could not provide. Plaintiff brought causes of action for violation of California's Consumers Legal Remedies Act ("CLRA"), Civ. Code §1770, *et seq.*, violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §17200, *et seq.*, and breach of express warranty; and

D.      WHEREAS, on April 2, 2013, Plaintiff's Counsel filed a lawsuit entitled *Glaberson v. FitFlop USA, LLC*, Case No. 1:13-cv-02051-NLH-AMD (D.N.J.), which arises out of the same facts and circumstances as this Action, and names as defendants FitFlop USA, LLC, Fitflop Limited, Brand Slam Ltd., and Marcia Dyann Kilgore (the "Other Action"); and

E.      WHEREAS, Defendant denied, and continues to deny, any and all wrongdoing alleged in the Action and the Other Action, and neither admits nor concedes any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been, or could have been, alleged against it in the Action or the Other Action; and

F.      WHEREAS, Plaintiff took extensive discovery, including written discovery, document discovery and depositions from Defendant and non-parties. In the course of discovery, Plaintiffs' Counsel received and analyzed approximately 473,022 pages of documents from Defendant, and over 16,500 documents from the 17 third-parties subpoenaed by Plaintiff. Plaintiffs' Counsel took seven depositions of Defendant and third-parties, and the Parties engaged in substantial discovery motion practice. Plaintiff also retained and disclosed experts opining on marketing, science, and damages issues; and

G.      WHEREAS, after engaging in numerous arms-length settlement discussions, directly and with the assistance of Martin Quinn, Esq. of JAMS, counsel for all Parties have reached the resolution set forth in this Agreement, providing for, among other things, the settlement of the Action between and

00067230

among Plaintiff, on behalf of herself and the Class, and Defendant, on the terms and subject to the conditions set forth below; and

H. WHEREAS, the Parties agree that throughout the course of the litigation, all Parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11; and

I. WHEREAS, Class Counsel have determined that a settlement of the Action and the Other Action on the terms reflected in this Agreement is fair, reasonable, adequate, and in the best interests of Plaintiff and the Settlement Class; and

J. WHEREAS, the FitFlop Defendants, to avoid the costs, disruption and distraction of further litigation, and without admitting the truth of any allegations made in the Action or the Other Action, or any liability with respect thereto, have concluded that it is desirable that the claims against it be settled and dismissed on the terms reflected in this Agreement; and

K. NOW, THEREFORE, this Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that: (1) upon the Effective Date, the Action and all Released Claims shall be settled and compromised as between Plaintiff and the Class on the one hand, and the FitFlop Defendants on the other hand; (2) upon final approval of the Agreement the Final Judgment and Order Approving Settlement, substantially in the form attached as Exhibit 1 hereto, shall be entered dismissing the Action with prejudice and releasing all Released Claims against the Released Parties, on the following terms and conditions; and (3) all necessary steps shall be taken to secure the dismissal of the Other Action with prejudice.

## II. DEFINITIONS

A. As used in this Agreement and the attached exhibits (which are an integral part of the Agreement and are incorporated in their entirety by reference) the following terms shall have the meanings set forth below, unless this

00067230

BLOOD HURST & O'REARDON, LLP

Agreement specifically provides otherwise:

1.   "Action" means *Rosales v. FitFlop USA, LLC*, Case No. 11cv0973-W (KSC) (S.D. Cal.).

2.   "Agreement" means this Stipulation of Settlement and all exhibits attached hereto or incorporated herein, including any subsequent amendments agreed to by the Parties and any exhibits to such amendments, which are the settlement (the "Settlement").

3.   "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court based on the Settlement described herein to compensate Class Counsel and all other Plaintiff's Counsel as determined by the Court, as described more particularly in Section X of this Agreement.

4.   "Authorized Claimant" means any Class Member who submits a valid Claim Form.

5.   "Award" means the relief obtained by Class Members pursuant to Section IV of this Agreement.

6.   "Claim" means a request for relief submitted by a Class Member on a Claim Form submitted to the Settlement Administrator in accordance with the terms of the Agreement.

7.   "Claim Form" means the form to be used by a Class Member to submit a Claim to the Settlement Administrator.  The proposed Claim Form is subject to Court approval and attached hereto as Exhibit 2.

8.   "Claims Deadline" means the date by which all Claim Forms must be postmarked or submitted online to the Settlement Administrator to be considered timely.  The Claims Deadline shall be stated in the Class Notice, the Settlement Website, and in the Claim Form, and shall be no later than sixty (60) days after the date first set by the Court for the Final Approval Hearing.

9.   "Claims Protocol" means the protocol for reviewing and approving Claims, attached as Exhibit 3.

00067230

BLOOD HURST & O'REARDON, LLP

10.    "Class" or "Class Member" means all persons or entities that, during the Class Period, purchased in the United States any Eligible Footwear. Excluded from the Class are: (a) Defendant's board members or executive-level officers, including its attorneys; (b) persons or entities who purchased the Eligible Footwear primarily for the purpose of resale; (c) retailers or re-sellers of Eligible Footwear; (d) governmental entities; (e) persons or entities who or which timely and properly exclude themselves from the Class as provided in the Agreement; and (f) persons or entities who purchased the Eligible Footwear via the Internet or other remote means while not residing in the United States. Also excluded from the Class are claims for personal injuries.

11.    "Class Notice" or "Notice" means the forms of notice to be disseminated to Class Members informing them about the settlement Agreement. Copies of each of the proposed Notices are attached respectively as Exhibits 4 ("Long-form Notice") and 5 ("Short-form Notice").

12.    "Class Period" means the period from January 1, 2007, up to and including the date of the first dissemination of the Summary Settlement Notice or Class Notice.

13.    "Class Representative" means plaintiff Charlice Arnold.

14.    "Class Counsel" means Timothy G. Blood, of Blood Hurst & O'Reardon, LLP, and Janine L. Pollack, of Wolf Haldenstein Adler Freeman & Herz LLP.

15.    "Court" means the United States District Court for the Southern District of California, the Honorable Thomas J. Whelan presiding.

16.    "Defendant" and "FitFlop" means FitFlop USA, LLC, FitFlop Limited, Brand Slam Ltd., and Marcia Dyann Kilgore.

17.    "Effective Date" means the later in time of:  (a) the date of entry of the Final Judgment and Order Approving Settlement, if no timely motions for reconsideration and/or no appeals or other efforts to obtain review

00067230

have been filed; or (b) in the event that an appeal or other effort to obtain review has been initiated, the date after such appeal or other review has been finally concluded and is no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing *en banc*, petitions for writ of *certiorari*, or otherwise.

18. "Eligible Claims" means claims submitted by Authorized Claimants against the Settlement Fund.

19. "Eligible Footwear", "FitFlop Footwear" or "Eligible FitFlop Footwear" means FitFlop™-branded footwear with Microwobbleboard™ Technology. The complete list of Eligible Footwear is set forth in Exhibit 8.

20. "Escrow Agent" means the escrow agent agreed upon by the parties and approved by the Court to hold funds pursuant to the terms of this Agreement.

21. "Final Approval Hearing" means the hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Agreement.

22. "Final Judgment and Order Approving Settlement" means the Final Judgment and Order Approving Settlement to be entered by the Court, substantially in the form of Exhibit 1 approving the Settlement, as fair, adequate, and reasonable, confirming the certification of the Class, and issuing such other findings and determinations as the Court and/or the Parties deem necessary and appropriate to implement the Settlement Agreement.

23. "FitFlop Counsel" means the following counsel of record for Defendant: William S. Ohlemeyer and Brooke A. Alexander of Boies, Schiller & Flexner LLP.

24. "Motion for Preliminary Approval of Settlement" means the motion, to be filed jointly by the Parties, for Preliminary Approval of this Agreement.

BLOOD HURST & O'REARDON, LLP

25. "Notice and Claim Administration Expenses" means all costs and expenses incurred by the Settlement Administrator, including all notice expenses, the cost of administering the Notice Program and the costs of processing all Claims made by Class Members.

26. "Notice Date" means the date by which the Settlement Administrator substantially completes dissemination of the Class Notice as provided in the Agreement and shall be no later than sixty (60) days after the Court enters an order granting Preliminary Approval of this Settlement.

27. "Objection Date" means the date by which Class Members must file and serve objections to the Settlement and shall be no later than thirty (30) days before the date first set for the Final Approval Hearing.

28. "Opt Out Date" means the postmark date by which a Request for Exclusion must be submitted to the Settlement Administrator in order for a Class Member to be excluded from the Class, and shall be no later than thirty (30) days before the date first set for the Final Approval Hearing.

29. "Other Action" means *Glaberson v. FitFlop USA, LLC*, Case No. 1:13-cv-02051-NLH-AMD (D.N.J.).

30. "Other Plaintiffs" means Barbara Glaberson and Angie Ojeda.

31. "Parties" means Plaintiff and Defendant.

32. "Plaintiff" means Charlice Arnold.

33. "Plaintiffs' Counsel" means the following counsel of record: Blood Hurst & O'Reardon, LLP; Wolf Haldenstein Adler Freeman & Herz LLP; Shepherd, Finkelman, Miller & Shah, LLP; Edgar Law Firm, LLC; Pomerantz Grossman Hufford Dahlstrom & Gross LLP; and Bonnett, Fairbourn, Friedman & Balint, P.C.

34. "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form of Exhibit 7, preliminarily approving the Settlement, certifying the Class for settlement purposes, setting the date of the

Final Approval Hearing, approving the Notice Program, Class Notice, and Claim Form, and setting the Opt Out Date, Objection Date, and Notice Date.

35. "Proof of Purchase" means documentation or other evidence reasonably establishing the purchase of FitFlop Footwear, as the Settlement Administrator may determine in accordance with the Claims Protocol.

36. "Released Claims" and "Released Parties" mean those claims and parties released of liability under Section IX.

37. "Request for Exclusion" means the written communication that must be submitted to the Settlement Administrator and postmarked on or before the Opt Out Date by a Class Member who wishes to be excluded from the Class.

38. "Residual Settlement Amount" means any amount remaining in the Settlement Fund after payment of Notice and Claim Administration Expenses, necessary taxes and tax expenses, Attorneys' Fees and Expenses and Eligible Claims.

39. "Settlement Administrator" means the entity(ies) retained by the Parties and approved by the Court to design and implement the program for disseminating Notice to the Class, administer the claims portion of this settlement, and perform overall administrative functions.

40. "Settlement Fund" means the amount of $5.3 million.

41. "Settlement Website" means the Internet website to be established for this Settlement by the Settlement Administrator to provide information to the public and the Settlement Class about this Agreement and to permit Class Members to submit Claims online.

B. Other capitalized terms in this Agreement but not defined in Section II.A. shall have the meanings ascribed to them elsewhere in this Agreement.

## III. CERTIFICATION OF THE CLASS

A. Certification of the Class

1. This Agreement is for Settlement purposes only, and neither the fact of, nor any provision contained in, this Agreement, nor any action taken hereunder, shall constitute or be construed as an admission of: (a) the validity of any claim or allegation by Plaintiff, or of any defense asserted by FitFlop, in the Action or the Other Action; or (b) any wrongdoing, fault, violation of law, or liability on the part of any Party, Released Party, Class Member, or their respective counsel.

2. As part of the Motion for Preliminary Approval of Settlement, Plaintiff will seek certification of the Class. FitFlop hereby consents, solely for purposes of the Agreement, to the certification of the Class, to the appointment of Class Counsel, and to the approval of Plaintiff as a representative of the Class; provided, however, that if the Court fails to approve this Agreement or the Agreement otherwise fails to be consummated, then FitFlop shall retain all rights it had immediately preceding the execution of this Agreement to object to the maintenance of the Action and the Other Action as a class action.

B. Dismissal of Actions

1. Upon final approval of the Settlement by the Court, the Final Judgment and Order Approving Settlement, substantially in the form attached hereto as Exhibit 1, will be entered by the Court, providing for the dismissal of this Action with prejudice and providing that, by operation of law, the Other Action is dismissed with prejudice.

## IV. SETTLEMENT RELIEF

A. Settlement Fund and Cash Payments

1. FitFlop shall establish the Settlement Fund in the amount of $5.3 million by depositing with the Escrow Agent this amount according to the schedule set forth in Section IV.D., below.

BLOOD HURST & O'REARDON, LLP

2.      Subject to the upward and downward adjustments as set forth in Section IV.C., below, the relief to be provided to eligible Class Members who submit valid Claims shall be as follows:

| Eligible Footwear | Initial Amount | Maximum Amount |
|---|---|---|
| Ex. 8, Category 1 | $25 | $60 |
| Ex. 8, Category 2 | $40 | $100 |

3.      To receive Settlement relief, each Class Member must submit a valid and timely Claim Form either by mail or electronically.  Class Members may recover payment for up to two pairs of FitFlop Footwear by submitting a Claim Form under penalty of perjury.  Class Members may recover payment for more than two pairs of FitFlop Footwear by submitting a Claim Form under penalty of perjury and providing Proof of Purchase for each pair of FitFlop Footwear for which payment is sought.  Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

B.      Injunctive Relief

1.      The below shall not be construed as evidence of a presumption, concession or an admission by Plaintiff, the Other Plaintiffs, FitFlop, any Class Member or Releasing or Released Party, of the truth of any fact alleged (including the relevance/validity of the third-party research cited by the Plaintiff) or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party.

00067230

2.     For a period of five (5) years from the Effective Date, FitFlop, directly or indirectly through any corporation, partnership, subsidiary, division, trade name or other device, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any Eligible Footwear or products similar to the Eligible Footwear in the United States (the "Covered Product"), is restrained and enjoined from making, or assisting others in making, directly or by implication, the following representations on the FitFlop Footwear packaging, labeling, hangers, hangtags, warning labels, commercials, advertisements, and other promotional materials (including Defendant's Internet and social media websites and advertisements) (collectively "Advertisements") unless, at the time of making such representations, Defendant possesses and relies upon competent and reliable scientific evidence that substantiates that such representations are true and non-misleading: such product is effective in strengthening, toning, burning calories, or assisting in weight loss; such product will result in a quantified percentage or amount of muscle toning; and such product will reduce cellulite or provide relief from heel spurs, chronic back pain, sciatica, osteoarthritis, lower limb edema or degenerative disc disease.

3.     Notwithstanding the above, FitFlop will be permitted to sell through remaining inventory currently in the market, with the labels and hangtags currently affixed to the footwear and boxes.  FitFlop will also be permitted to release existing inventory with the labels and hangtags currently affixed to the footwear and boxes into the market until the Effective Date.

C.     Disbursements from the Settlement Fund

1.     In accordance with the payment schedule set forth in this Agreement, money from the Settlement Fund shall be applied first, to pay Notice and Claim Administration Expenses; next, to pay any necessary taxes and tax expenses; next, to pay Plaintiff's Counsel's Attorneys' Fees and Expenses in the

amount awarded by the Court, as well as any Court-approved service awards; and then to pay Eligible Claims.

2.      The money used from the Settlement Fund to pay Notice and Claim Administration Expenses, taxes and tax expenses, Attorneys' Fees and Expenses, service awards and Eligible Claims is the "Net Settlement Fund."

3.      Adjustments and Remaining Funds

a.      If the aggregate amount of Eligible Claims exceeds the Net Settlement Fund, Eligible Claims will be reduced *pro rata*.

b.      If the total of the Eligible Claims submitted by Class Members is less than the available relief, minus any covered fees and costs, each eligible Class Member's award shall be increased on a *pro rata* basis, with a maximum increase over the initial amount as set forth in Section IV.A.2 above.

c.      In accordance with the *cy pres* doctrine, any amount remaining in the Settlement Fund after payment of Notice and Claim Administration Expenses, necessary taxes and tax expenses, Attorneys' Fees and Expenses, service awards and Eligible Claims (the "Residual Settlement Amount") shall, subject to Court approval, be paid to Consumers Union of the United States, Inc. and Consumer Watchdog in equal amounts pursuant to the *cy pres* doctrine.

D.      Schedule of Payments into the Settlement Fund

1.      FitFlop shall make payments not to exceed $5.3 million into the Settlement Fund in accordance with the following schedule:

a.      Within five (5) days after entry of the Preliminary Approval Order Approving Settlement, FitFlop shall deposit $375,000 into the Settlement Fund into an escrow account held by the Escrow Agent, which amount shall be used to pay Notice and Claim Administration Expenses as such expenses become due and payable;

BLOOD HURST & O'REARDON, LLP

1     b. On January 2, 2014, or within five (5) days after entry

2 of the Preliminary Order Approving Settlement, whichever is later, FitFlop shall

3 deposit $100,000 into the Settlement Fund into an escrow account held by the

4 Escrow Agent, which amount shall be used to pay Notice and Claim

5 Administration Expenses as such expenses become due and payable; and

6     c. Within five (5) days after the Claims Deadline, FitFlop

7 shall deposit $4,825,000 in the escrow account held by the Escrow Agent.

8 **V. CLAIM FORM SUBMISSION AND REVIEW**

9  A. Class Members may submit a Claim for settlement relief and the

10 Settlement Administrator shall review and process the Claim pursuant to the

11 Claims Protocol, which is attached hereto as Exhibit 3.

12  B. Claim Forms will be distributed as part of the Notice Program as

13 described below, available for on-line submission from the Settlement Website,

14 available for download from the Settlement Website, and upon request will be

15 mailed or emailed to Class Members by the Settlement Administrator. The

16 Claim Form will also be available for download, at their option, from Class

17 Counsel's websites and may be submitted to the Settlement Administrator by

18 U.S. mail or other regularly maintained mail delivery service.

19  C. The Settlement Administrator shall provide periodic updates to the

20 Class Counsel and FitFlop Counsel regarding Claim Form submissions

21 beginning not later than one (1) week after Class Notice is first disseminated and

22 continuing on a weekly basis thereafter.

23  D. The Settlement Administrator shall begin to pay Eligible Claims not

24 before the later in time of (i) ten (10) days after the Claims Deadline and (ii) ten

25 (10) days after the Effective Date. The Settlement Administrator shall have

26 completed the payment of Eligible Claims by thirty (30) days after the later in

27 time of (i) the Effective Date and (ii) the Claims Deadline.

28

00067230

E.     All Notice and Claim Administration Expenses shall be paid from the Settlement Fund.

**VI.     RETENTION OF THE SETTLEMENT ADMINISTRATOR**

A.     Class Counsel, subject to the approval of FitFlop, which approval shall not be unreasonably withheld, shall retain a Settlement Administrator to help implement the terms of the proposed Agreement.  Through the Settlement Fund, FitFlop shall pay all costs associated with the Settlement Administrator, including costs of providing notice to the Class Members and processing Claims.

1.     The Settlement Administrator(s) shall assist with various administrative tasks, including, without limitation, (1) mailing or arranging for the mailing, or other distribution of the Long-form Notice and Claim Forms to Class Members who so request; (2) arranging for publication of the Short-form Notice; (3) handling returned mail and email not delivered to Class Members; (4) attempting to obtain updated address information for Class Members and for any notices returned without a forwarding address or an expired forwarding address; (5) making any additional mailings required under the terms of this Agreement; (6) answering written inquiries from Class Members and/or forwarding such inquiries to Class Counsel or their designee; (7) receiving and maintaining on behalf of the Court and the Parties any Class Member correspondence regarding requests for exclusion to the settlement; (8) establishing the Settlement Website that posts notices, Claim Forms and other related documents; (9) establishing a toll-free telephone number that will provide Settlement-related information to Class Members; (10) receiving and processing claims and distributing payments to Class Members; and (11) otherwise assisting with administration of the Agreement.

B.     The contract(s) with the Settlement Administrator(s) shall obligate the Administrator to abide by the following performance standards:

1      1.     The Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Agreement in communications with Class Members;

2.     The Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, FitFlop and/or FitFlop Counsel.

## VII. NOTICE TO THE SETTLEMENT CLASS

    A.    Class Notice

      1.     No later than sixty (60) days after the entry by the Court of an order granting Preliminary Approval, the Settlement Administrator shall substantially complete the dissemination of Class Notice to potential Class Members. The Parties agree that notice by national publication is the best means under the circumstances of this case to effect notice to the Class and that the Notice Program outlined in Exhibit 6 comports with the requirements of due process. Class Notice shall be disseminated pursuant to the Notice Program set forth in Exhibit 6 on or before the Notice Date. Copies of the proposed forms of Class Notice and the Notice Program are attached as Exhibits 3, 4 and 6.

      2.     At or prior to the Final Approval Hearing, the Settlement Administrator shall provide the Court with an affidavit attesting that Class Notice was disseminated pursuant to the Notice Program set forth below.

    B.    Notice Program

      1.     Long-form Notice: The Class Notice delivered to Class Members shall be in substantially the form of Exhibit 4, attached hereto. At a minimum, the Long-form Notice shall: (a) include a short, plain statement of the background of the Action and the proposed Agreement; (b) describe the proposed settlement relief as set forth in this Agreement; (c) inform Class Members that, if they do not exclude themselves from the Class, they may be

00067230

BLOOD HURST & O'REARDON, LLP

eligible to receive relief; (d) describe the procedures for participating in the Settlement including all applicable deadlines and advise Class Members of their rights, including their right to submit a Claim to receive an Award under the Agreement by submitting the Claim Form; (e) explain the scope of the Release; (f) state that any Award to Class Members under the Agreement is contingent on the Court's final approval of the Agreement; (g) state the identity of Class Counsel and the amount sought in attorneys' fees and expenses; (h) explain the procedures for opting out of the Class including the applicable deadline for opting out; (i) explain the procedures for objecting to the Agreement including the applicable deadline; and (j) explain that any judgment or orders entered in the Action or the Other Action, whether favorable or unfavorable to the Class shall include and be binding on all Class Members who have not been excluded, even if they have objected to the proposed Agreement and even if they have another claim, lawsuit or proceeding pending against FitFlop.

2.     Short-form Notice:  The Settlement Administrator shall cause to be published in accordance with the terms set forth below, a short form of the Class Notice.  The Short-form Notice shall be in substantially the form attached hereto as Exhibit 5 and shall, at a minimum, include the web address of the Settlement Website and a telephone number for the Settlement Administrator, the Class definition, a brief description of relief available to the Class Members and the right to object and/or opt-out of the Class and the deadlines to exercise these rights.

C.     Dissemination of the Class Notice

1.     Publication Notice:  No later than sixty (60) days after the entry by the Court of an order granting Preliminary Approval, the Settlement Administrator shall substantially complete the dissemination of the Short-form Notice, which shall be published in accordance with the Notice Program set forth in Exhibit 6.

2. Posting of the Class Notice: No later than twenty (20) days from an Order of Preliminary Approval, the Settlement Administrator will post the Long-form Notice and Claim Form on the Settlement Website. The Long-form Notice and Claim Form shall remain available by these means until the Effective Date. The Long-form Notice and/or the Short-form Notice and the Claim Form may also be posted on the websites of Class Counsel at their option.

3. Upon Request: The Long-form Notice and the Claim Form shall also be sent via electronic mail or regular mail to Class Members who so request.

## VIII. OBJECTIONS, REQUESTS FOR EXCLUSION, AND MEDIA COMMUNICATIONS

A. Objections

1. Any Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date. The written objection must be filed with the Court and served on the Class Counsel and FitFlop Counsel identified in the Class Notice no later than the Objection Date. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel (the objector's actual residential address must be included); (c) a statement that the objector purchased Eligible FitFlop Footwear during the Class Period; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his/her counsel; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's dated, handwritten signature (an electronic signature or attorney's signature are not sufficient).

BLOOD HURST & O'REARDON, LLP

1    2.    Any Class Member who files and serves a written objection,

2    as described in the preceding Section, may appear at the Final Approval Hearing,

3    either in person or through counsel hired at the Class Member's expense, to

4    object to any aspect of the fairness, reasonableness, or adequacy of this

5    Agreement, including attorneys' fees.  Class Members or their attorneys who

6    intend to make an appearance at the Final Approval Hearing must serve a notice

7    of intention to appear on the Class Counsel identified in the Class Notice and on

8    FitFlop Counsel, and file the notice of appearance with the Court, no later than

9    twenty (20) days before the Final Approval Hearing, or as the Court may

10    otherwise direct.

11    3.    Any Class Member who fails to comply with the provisions

12    of Section VIII.A1. and VIII.A.2. above shall waive and forfeit any and all rights

13    he or she may have to appear separately and/or to object, and shall be bound by

14    all the terms of this Agreement and by all proceedings, orders and judgments,

15    including, but not limited to, the Release, in the Action.

16    B.    Requests for Exclusion

17    1.    Any member of the Class may request to be excluded from

18    the Class.  A Class Member who wishes to opt out of the Class must do so no

19    later than the Opt Out Date.  In order to opt out, a Class Member must send to

20    the Settlement Administrator a written Request for Exclusion that is post-marked

21    no later than the Opt Out Date.  The Request for Exclusion must be personally

22    signed by the Class Member requesting exclusion and contain a statement that

23    indicates a desire to be excluded from the Class.

24    2.    Any Class Member who does not file a timely written

25    Request for Exclusion shall be bound by all subsequent proceedings, orders and

26    the Final Judgment and Order Approving Settlement in this Action, even if he or

27    she has pending, or subsequently initiates, litigation, arbitration or any other

28    proceeding against FitFlop relating to the Released Claims.

3.     Any Class Member who properly requests to be excluded from the Class shall not:  (a) be bound by any orders or judgments entered in the Action or the Other Action relating to the Agreement; (b) be entitled to an Award from the Settlement Fund, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Agreement.

4.     The Settlement Administrator shall provide Class Counsel and FitFlop Counsel with a final list of all timely Requests for Exclusion within five (5) business days after the Opt Out Date.  Defendant shall file the final list of all timely Requests for Exclusion prior to or at the Final Approval Hearing.

## IX.     RELEASES

A.     The Agreement shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties.  No Released Party shall be subject to liability of any kind to any Releasing Party with respect to any Released Claim.  Upon the Effective Date, and subject to fulfillment of all of the terms of this Agreement, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum.

B.     The following terms have the meanings set forth herein:

1.     "Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to statements concerning claims made by the Released Person in connection with the Released Persons' advertising, marketing, packaging, promotion, sale and distribution of FitFlop Footwear, which have been asserted or which could reasonably have been asserted by the Releasing

Parties in the Action or the Other Action, including but not limited to claims alleging any type of fraud, misrepresentation, breach of warranty, unjust enrichment or unfair trade practice under any state or federal law, but not including claims for personal injury.

2. "Released Parties" means FitFlop USA, LLC, FitFlop USA, LLC, Fitflop Limited, Brand Slam Ltd., and Marcia Dyann Kilgore, including all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and future officers, directors, employees, stock-holders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, subrogees and assigns. It is expressly understood that, to the extent a Released Party is not a Party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

3. "Releasing Parties" means Plaintiff and each and every Class Member.

C. On the Effective Date, each Releasing Party shall be deemed to have released and forever discharged each of the Released Parties of and from any and all liability for any and all Released Claims.

D. With respect to any and all Released Claims, and upon the Effective Date without further action, for good and valuable consideration, Plaintiff, on behalf of herself and the Class and as the representative of the Class, shall expressly, and Releasing Parties shall be deemed to, and by operation of the Final Judgment and Order Approving Settlement shall, to the fullest extent permitted by law, fully, finally, and forever expressly waive and relinquish with respect to the Released Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to

BLOOD HURST & O'REARDON, LLP

Section 1542 of the California Civil Code, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

E.     On the Effective Date, each of the Released Parties shall be deemed to have released and forever discharged each of the Releasing Parties and their respective counsel, including Plaintiffs' Counsel, for all claims arising out of or relating to the institution, prosecution and resolution of the Action and Other Action, except to enforce terms and conditions contained in this Agreement. The Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action or the Other Action.

F.     The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under the Agreement.

## X.     ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARDS

A.     The award of Attorneys' Fees and Expenses will be paid out of the Settlement Fund as set forth in Section IV above. Class Counsel shall make, and FitFlop agrees not to oppose, an application for an award of attorneys' fees not to exceed 25% of the Settlement Fund (before expenses) and for an award of out-of-pocket expenses reasonably incurred in the prosecution of the Action and the Other Action, which shall be for attorneys' fees and out-of-pocket expenses in the Action and the Other Action. The application for an award of Attorneys' Fees and Expenses will be made by Class Counsel on behalf of themselves and Plaintiffs' Counsel. Class Counsel shall be responsible for allocating and distributing the Attorneys' Fees and Expenses award to Plaintiffs' Counsel.

B.  The Attorneys' Fees and Expenses awarded by the Court shall be paid from the Settlement Fund to Class Counsel within ten (10) calendar days after entry of the Final Judgment and Order Approving Settlement setting forth the amount awarded in Attorneys' Fees and Expenses.  If the Final Judgment and Order Approving Settlement is reversed, vacated, modified, and/or remanded for further proceedings or otherwise disposed of in any manner other than one resulting in an affirmance of the Final Judgment and Order Approving Settlement, then Class Counsel and Plaintiffs' Counsel shall, within thirty (30) days of such event, repay to the Settlement Fund as applicable the full amount of the attorneys' fees and expenses or repay the amount by which the award has been reduced.

C.  FitFlop agrees not to oppose an application for plaintiff service awards in the amount of $5,000 to Plaintiff Arnold, and $1,500 to each of the Other Plaintiffs, to be paid from the Settlement Fund.  The service awards to these plaintiffs will be in addition to the other consideration to the Class Members as set forth in Section IV above.

D.  FitFlop will pay the service awards approved by the Court up to the amount identified above in addition to the benefits that these plaintiffs are entitled to receive as Class Members and Authorized Claimants.  FitFlop will pay the service awards within ten (10) days of the Effective Date.

## XI.  FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT

This Agreement is subject to and conditioned upon the issuance by the Court of the Final Judgment and Order Approving Settlement that finally certifies the Class for the purposes of this Settlement, grants final approval of the Agreement, and provides the relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder.  Such Final Judgment and

1  Order Approving Settlement shall be in substantially the form attached hereto as

2  Exhibit 1.

3  **XII.  REPRESENTATIONS AND WARRANTIES**

4  A.    FitFlop represents and warrants: (1) that it has the requisite

5  corporate power and authority to execute, deliver and perform the Agreement

6  and to consummate the transactions contemplated hereby; (2) that the execution,

7  delivery and performance of the Agreement and the consummation by it of the

8  actions contemplated herein have been duly authorized by necessary corporate

9  action on the part of FitFlop; and (3) that the Agreement has been duly and

10  validly executed and delivered by FitFlop and constitutes its legal, valid and

11  binding obligation.

12  B.    Plaintiff represents and warrants that she is entering into the

13  Agreement on behalf of herself individually and as a proposed representative of

14  the Class Members, of her own free will and without the receipt of any

15  consideration other than what is provided in the Agreement or disclosed to, and

16  authorized by, the Court.  Plaintiff represents and warrants that she has reviewed

17  the terms of the Agreement in consultation with Class Counsel and believes them

18  to be fair and reasonable, and covenants that she will not file a Request for

19  Exclusion from the Class or object to the Agreement.  Class Counsel represent

20  and warrant that they are fully authorized to execute the Agreement on behalf of

21  Plaintiff.

22  C.    The Parties warrant and represent that no promise, inducement or

23  consideration for the Agreement has been made, except those set forth herein.

24  **XIII.  NO ADMISSIONS, NO USE**

25  The Agreement and every stipulation and term contained in it is

26  conditioned upon final approval of the Court and is made for Settlement

27  purposes only.  Whether or not consummated, this Agreement shall not be: (a)

28  construed as, offered in evidence as, received in evidence as, and/or deemed to

BLOOD HURST & O'REARDON, LLP

be, evidence of a presumption, concession or an admission by Plaintiff, the Other Plaintiffs, FitFlop, any Class Member or Releasing or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party; or (b) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by Plaintiff, the Other Plaintiffs, FitFlop, any Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Agreement.

## XIV. TERMINATION OF THIS AGREEMENT

A.    Any Party may terminate this Agreement by providing written notice to the other Parties hereto within ten (10) days of any of the following events:

1.    The Court does not enter an order granting Preliminary Approval that conforms in material respects to Exhibit 6 hereof; or

2.    The Court does not enter a Final Judgment and Order Approving Settlement conforming in material respects to Exhibit 1 or, if entered, such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by another court.

B.    In the event that this Agreement terminates for any reason, all Parties shall be restored to their respective positions as of immediately prior to the date of execution of this Agreement, including without waiver of, or prejudice to, any argument Defendant made in opposition to Plaintiff's motion to certify a litigation class.  Upon termination, Sections XIII and XV.E. herein shall

survive and be binding on the Parties, but this Agreement shall otherwise be null and void. In that event, within five (5) business days after written notification of such event is sent by FitFlop Counsel or Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses and any costs which have been disbursed or are determined to be chargeable as Notice and Claims Administration Expenses, shall be refunded by the Escrow Agent to FitFlop. In such event, FitFlop shall be entitled to any tax refund owing to the Settlement Fund. At the request of FitFlop, the Escrow Agent or its designee shall apply for any such refund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for a refund, to FitFlop. In no event will FitFlop be entitled to recover any funds spent for Notice and Claims Administration Expenses prior to termination of this Agreement. FitFlop will bear any reasonable Notice and Claims Administration Expenses incurred prior to termination of this Agreement.

## XV. MISCELLANEOUS PROVISIONS

A.     Entire Agreement:  The Agreement, including all Exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of the Agreement. The Agreement may not be changed, modified, or amended except in a writing signed by one of Class Counsel and one of FitFlop Counsel and, if required, approved by the Court. The Parties contemplate that the Exhibits to the Agreement may be modified by subsequent agreement of FitFlop and Class Counsel, or by the Court.

B.     Governing Law:  The Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

00067230

BLOOD HURST & O'REARDON, LLP

C. Execution in Counterparts: The Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures scanned to PDF and sent by e-mail shall be treated as original signatures and shall be binding.

D. Notices: Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class US Mail and email to:

1. If to Plaintiff or Class Counsel:

   Timothy G. Blood
   BLOOD HURST & O'REARDON, LLP
   701 B Street, Suite 1700
   San Diego, CA 92101
   Telephone: 619/338-1100
   tblood@bholaw.com

2. If to FitFlop or FitFlop Counsel:

   William S. Ohlemeyer
   BOIES, SCHILLER & FLEXNER LLP
   333 Main Street
   Armonk, NY 10504
   Telephone: 914/749-8200
   wohlemeyer@bsfllp.com

E. Stay of Proceedings: Upon the execution of this Agreement, all discovery and other proceedings in the Action shall be stayed until further order of the Court, except for proceedings that may be necessary to implement the Agreement or comply with or effectuate the terms of this Settlement Agreement.

F. Good Faith: The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

00067230

G. Protective Orders: All orders, agreements and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents. Notwithstanding such provision in the Protective Order, FitFlop Counsel and Class Counsel may retain copies of all deposition transcripts and exhibits and all documents submitted to the Court, but those documents must be kept confidential to the extent they were designated as "Confidential," and will continue to be subject to the Protective Order.

H. Binding on Successors: The Agreement shall be binding upon, and inure to the benefit of, the heirs, and Released Parties.

I. Arms-Length Negotiations: The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement have been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel. This Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Parties agree that the drafting of this Agreement has been a mutual undertaking.

J. Waiver: The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

K. Variance: In the event of any variance between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s).

L. Exhibits: All Exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

BLOOD HURST & O'REARDON, LLP

M. Taxes: No opinion concerning the tax consequences of the Agreement to any Class Member is given or will be given by FitFlop, FitFlop Counsel, Class Counsel, or Plaintiffs' Counsel; nor is any Party or their counsel providing any representation or guarantee respecting the tax consequences of the Agreement as to any Class Member. Each Class Member is responsible for his/her tax reporting and other obligations respecting the Agreement, if any.

N. Implementation Before Effective Date: The Parties may agree in writing to implement the Agreement or any portion thereof after the entry of the Final Judgment and Order Approving Settlement, but prior to the Effective Date.

O. Modification in Writing: This Agreement may be amended or modified only by written instrument signed by one of Class Counsel and one of FitFlop Counsel. Amendments and modifications may be made without additional notice to the Class Members unless such notice is required by the Court.

P. Integration: This Agreement represents the entire understanding and agreement among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings related to the subject matter of this Agreement. The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or undertaking concerning any part or all of the subject matter of this Agreement has been made or relied upon except as set forth expressly herein.

///

///

///

///

Q. Retain Jurisdiction: The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Agreement embodied in this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

Dated: December 12, 2013    FITFLOP USA, LLC

By: _____

Name: Tom Terry
Title: President North America

Dated: December 12, 2013    BOIES, SCHILLER & FLEXNER LLP
WILLIAM S. OHLEMEYER (pro hac vice)
BROOKE A. ALEXANDER (pro hac vice)

By: _____
WILLIAM S. OHLEMEYER

333 Main Street
Armonk, NY 10504
Telephone: 914/749-8200
914/749-8300 (fax)
wohlemeyer@bsfllp.com
balexander@bsfllp.com

*Attorneys for Defendant*

Dated: December  , 2013    BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
THOMAS J. O'REARDON II (247952)

By: _____
TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

BLOOD HURST & O'REARDON, LLP

00067230

Q.    Retain Jurisdiction: The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Agreement embodied in this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

Dated: December __, 2013        FITFLOP USA, LLC

By: _____

Name:
Title:

Dated: December __, 2013        BOIES, SCHILLER & FLEXNER LLP
                                WILLIAM S. OHLEMEYER (*pro hac vice*)
                                BROOKE A. ALEXANDER (*pro hac vice*)

By: _____
      WILLIAM S. OHLEMEYER

333 Main Street
Armonk, NY 10504
Telephone: 914/749-8200
914/749-8300 (fax)
wohlemeyer@bsfllp.com
balexander@bsfllp.com

*Attorneys for Defendant*

Dated: December 15, 2013        BLOOD HURST & O'REARDON, LLP
                                TIMOTHY G. BLOOD (149343)
                                LESLIE E. HURST (178432)
                                THOMAS J. O'REARDON II (247952)

By: _____
      TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)

Case No. 11-cv-0973-W (KSC)
STIPULATION OF SETTLEMENT

00067230

tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

Dated: December 13, 2013

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
JANINE L. POLLACK (*pro hac vice*)
MICHAEL LISKOW (243899)

By: _Janine L. Pollack_
JANINE L. POLLACK

270 Madison Avenue, 10th Floor
New York, New York 10116
Telephone: (212) 545-4600
Facsimile: (212) 545-4762
pollack@whafh.com
liskow@whafh.com

*Attorneys for Plaintiff and Proposed Class
Counsel*

00067230

BLOOD HURST & O'REARDON, LLP