# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLICE ARNOLD, on behalf of herself, all similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FITFLOP USA, LLC,<br><br>Defendant. | Case No. 11-CV-0973 W (KSC)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL FOR CLASS ACTION SETTLEMENT [DOC.107]**<br><br>[Fairness Hearing: April 28, 2014 at 10:30 a.m.] |

This matter having come before the Court on the parties' joint motion for preliminary approval of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff Charlice Arnold and Defendant Fitflop USA, LLC ("Fitflop"), set forth in the Stipulation of Settlement (the "Stipulation"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds as follows:

//

//

I. **THE SETTLEMENT CLASS IS CERTIFIED**

1. Pursuant to Federal Rules of Civil Procedure, Rule 23, and for settlement purposes only, the Court hereby certifies this Action as a class action on behalf of the following Class:

> All persons who purchased in the United States from January 1, 2007, up to and including the date of the first dissemination of the Class Notice, any FitFlop™-branded footwear with Microwobbleboard™ Technology ("Eligible FitFlop Footwear"). Excluded from the Class are: (a)Defendant's board members or executive-level officers, including its attorneys; (b)persons or entities who purchased the Eligible FitFlop Footwear primarily for the purpose of resale; (c)retailers or re-sellers of Eligible FitFlop Footwear; (d)governmental entities; (e)persons or entities who or which timely and properly exclude themselves from the Class as provided in the Agreement; and (f)persons or entities who purchased the Eligible FitFlop Footwear via the Internet or other remote means while not residing in the United States. Also excluded from the Class are claims for personal injuries.

2. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Plaintiff Charlice Arnold as Class Representative of the Class.

4. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Timothy G. Blood, of Blood Hurst & O'Reardon, LLP, and Janine L. Pollack, of Wolf Haldenstein Adler Freeman & Herz, LLP as Class Counsel to represent the Class.

## II. THE STIPULATION IS PRELIMINARILY APPROVED AND THE FINAL APPROVAL SCHEDULE SET

5. The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7. Pursuant to the Federal Rules of Civil Procedure, Rule 23(e) the Honorable Thomas J. Whelan will hold a settlement hearing (the "Final Approval Hearing") on April 28, 2014, at 10:30 a.m., in Courtroom 3C, United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101, for the following purposes:

(a) finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure, Rule 23 and, thus, the Class claims should be certified for purposes of effectuating the Settlement; determining whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court;

(b) considering the application of Class Counsel for an award of Attorneys' Fees and Expenses as provided for under the Stipulation;

(c) considering the application of Plaintiff and Other Plaintiffs for service awards as provided for under the Stipulation;

(d) considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

(e) whether the release by the Class Members of the Released Claims as set forth in the Stipulation should be provided; and

        (f)      ruling upon such other matters as the Court may deem just and appropriate.

    8.      The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Class Members.

    9.      The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

    10.    Class Members must file and serve any objections to the proposed settlement no later than thirty (30) days prior to the Final Approval Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

    11.    Opening papers in support of the Settlement and any application for an award of Attorneys' Fees and Expenses and/or plaintiff service awards must be filed with the Court and served at least forty-five (45) days prior to the Final Approval Hearing.

### III.    THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

    12.    The Court approves, as to form and content, the proposed Notice of Class Action Settlement and Publication Notice (collectively the "Class Notice"), which are exhibits 4 and 5, respectively, to the Stipulation.

    13.    The Court finds that the distribution of Class Notice substantially in the manner and form set forth in 15-16 of this Order and the Stipulation meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

    14.    The Court approves the designation of Garden City Group, to serve as the Court-appointed Settlement Administrator for the Settlement. The Settlement

Administrator shall disseminate Class Notice, and supervise and carry out the notice procedure, the processing of Claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

15. The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, and Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Stipulation. The Claim Form shall be made available to Class Members through the Settlement Website and on the websites of Class Counsel, at their options, no later than the Notice Date as defined below, and continuously thereafter through the Claims Deadline.

16. The Settlement Administrator is ordered to substantially complete dissemination of the Class Notice no later than sixty (60) days before the Final Approval Hearing (the "Notice Date").

17. The costs of the Class Notice, processing of Claims, creating and maintaining the Settlement Website, and all other Settlement Administrator and Notice and Claim Administration Expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Stipulation.

### IV. PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT

18. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

19. The Court approves the Parties' proposed form of the Claim Form. Any Class Member who wishes to receive money from the Settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Settlement Administrator no later than sixty (60) days after the date first set by the Court

for the Final Approval Hearing ("Claims Deadline").  Such deadline may be further extended without notice to the Class by Court order.

20. The Settlement Administrator shall have the authority to accept or reject Claims in accordance with the Stipulation, including the Claims Protocol.

21. The Settlement Administrator shall send payment to Class Members for Eligible Claims or, as applicable, a letter explaining the rejection of the Claim, within 30 days of the Effective Date or 30 days from the close of the Claims Deadline, whichever is later.

22. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel.  All Class Members who do not enter an appearance will be represented by Class Counsel.

## V. PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS

23. Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class.  Any such person must submit a completed Request for Exclusion to the Clerk of the Court postmarked or delivered no later than 30 days before the Final Approval Hearing (the "Opt Out Date"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

24. Any Class Member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt Out Date will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court.  The written Request for Exclusion must request exclusion from the Class, must be personally signed by the potential Class Member and include a statement indicating that the person is a member of the Class.  All persons who submit valid and timely Requests for Exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order Approving Settlement.

25. A list reflecting all Requests for Exclusions shall be filed with the Court by Defendant at or before the Final Approval Hearing.

**VI. PROCEDURE FOR OBJECTING TO THE SETTLEMENT**

26. Any Class Member who desires to object either to the Settlement, the award of Attorneys' Fees and Expenses, or plaintiff service awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel identified below by hand or first-class mail a notice of the objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later than thirty (30) days prior to the Final Approval Hearing (the "Objection Date"). The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Defendant's counsel. Such papers must be sent to each of the following persons:

> Timothy G. Blood
> BLOOD HURST & O'REARDON, LLP
> 701 B Street, Suite 1700
> San Diego, CA 92101
> Telephone: 619/338-1100
> tblood@bholaw.com
>
> William S. Ohlemeyer
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, NY 10504
> Telephone: 914/749-8300
> wohlemeyer@bsfllp.com

27. All objections must include: (a) a heading which refers to the Action, <u>Rosales v. FitFlop USA, LLC</u>, Case No. 3:11-cv-973-W(KSC) (S.D. Cal.); (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel (the objector's actual residential address must be included); (c) a statement that the objector purchased FitFlop Footwear during the Class Period; (d) a statement

whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his/her counsel; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's dated, handwritten signature (an electronic signature or an attorney's signature are not sufficient). Each person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Final Approval Hearing.

28. All objections must be filed with the Clerk and served on the Parties' counsel as set forth in paragraph 26 above no later than the Objection Date. Objections received after the Objection Date will not be considered at the Final Approval Hearing.

29. Attendance at the Final Approval Hearing is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the Settlement, the application for an award of Attorneys' Fees and Expenses, or the application for plaintiff service awards, is required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Objection Date as set forth in the Class Notice. Class Members who do not oppose the Settlement, the application for an award of Attorneys' Fees and Expenses, or the application for plaintiff service awards need not take any action to indicate their approval. A person's failure to submit a written objection in accordance with the Objection Date and the procedure set forth in the Class Notice waives any right the person may have to object to the Settlement, the award of Attorneys' Fees and Expenses, or plaintiff service awards, or to appeal or seek other review of the Final Judgment and Order Approving Settlement.

**IT IS SO ORDERED.**

DATED: December 19, 2013

Hon. Thomas J. Whelan
United States District Judge