

NUNC PRO TUNC

MAR 2 8 2014

March 26, 2014

Clerk of the U. S. District Court
for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Re: Rosales v. FitFlop U.S.A., Inc.,
    Case No. 3:11-cv-00973-W(JMA) (S.D. Cal.)
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Settlement. I am a Settlement Class Member
who purchased Eligible FitFlop Footwear during the Class Period and has not opted out
of the Settlement, and I am not being represented by counsel. I do intend to appear at the
Final Approval Hearing.

The basis of my objection are three fold: 1) There is no adequate showing that the
proposed Settlement bears any relationship to the alleged damages inflicted by
Defendants on Plaintiffs; 2) The actions of Class Counsel, including improper use of a
protective order, are indicia of a consciousness of unfairness and collusion; and 3) The
amount of the proposed attorney fees of up to $1,325 million plus costs of approximately
$180,000 constitute over reaching, represents unjust enrichment, and shocks the
conscience.

In its Stipulation and Settlement Statement published on the case website, Class
Counsel failed to recite what particular discovery, what proceedings, and what
procedures led up to the proposed Settlement. On March 25, 2014, I telephoned the office
of Class Counsel and asked to speak to someone about this proposed Settlement. My call
was returned by attorney Tim Blood. When I asked him if I could look through the file,
including discovery, and satisfy myself that the proposed Settlement was adequate, fair,
and an arms length transaction, but I was told that would not be possible since there was a
Protective Order in place. Mr. Blood was kind enough to email me a copy of that Order.

Since I am a member of the class, and therefore a client of Class Counsel, there is plenty
of legal authority to support my right to access and scrutinize Class Counsel's file. Beside
the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R.
232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client
and may not refuse to turn over any portion of client's file, and may not assert work-
product privilege against client. And in *Resolution Trust Corp. v. H—, P.C.* 128 F.R.D.
647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file

belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The protective order in place in this case was the result of a joint motion by both Class Counsel and the Defense. Under Rule 26(c, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26 (c, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)* 187 F.3d 1096, 1103 (9th Cir. 1999).

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, the attorneys may have seen no need to engage in real discovery. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for Class Plaintiffs. I also oppose the amount of attorney fees and costs requested as being way above what might be considered reasonable.


Very truly yours,

*Michael Narkin*

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507

cc: Timothy G. Blood
    William S. Ohlemeyer