Michael Narkin, Pro Se
85391 Chezem Road
Eugene, OR 97405
541-852-5507
541-933-5504
mpilot2001@aol.com

Objector and Class Member



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA ROSALES, and CHARLICE ARNOLD, on Behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br>v.<br><br>FITFLOP USA, LLC,<br><br>Defendant. | Case No. 11cv0973-W (KSC)<br><br>CLASS ACTION<br><br>OBJECTOR'S RESPONSE TO PLAINTIFF'S OPPOSITION TO *IN FORMA PAUPERIS MOTION*, AND OBJECTOR'S MOTION TO HAVE CLASS COUNSEL REMOVED, THE CLASS DECERTIFIED PURSUANT TO RULE 23(g), AND IMPOSITION OF SANCTIONS. |

## INTRODUCTION

Class Counsel's opposition to my motion to be allowed to proceed in forma pauperis is, as the court will soon see, a tissue of half truths, distortions, and disingenuousness. It is a blatant attempt to mislead the court. Class Counsel labels me a "serial objector" because they can identify one other class action case where I have objected to a settlement. As will be shown, Class Counsel is a serial misleader and purveyor of distortions with respect to advising both the court and parties to this action.

## FACTUAL BACKGROUND AND AUGUMENT

Before I filed an objection to the Settlement in this case, I spoke to Mr. Blood by telephone about the concerns I had regarding the Settlement. As it states in my letter of objection, I told him that I wanted to be allowed to scrutinize the discovery that had taken place to see what the case was really worth. I reminded him of the personal objection filed by Chief Judge Kozinski of the U.S. Court of Appeals for the Ninth Circuit in the **Klee v. Nissan North America** class action case (2:12-cv-08238-BRO-PJW) where Judge Kozinski was a member of the class as an owner of a Nissan Leaf. The thrust of his objection was that discovery had been inadequate, and that the motivation for the proposed Settlement was merely an award of attorney fees. I also told him that I wanted to determine if there had been any effort to identify possible sub-classes such as class members who may have suffered personal injury as a result of wearing the FitFlop product. I reminded him of the possibility that class members who were injured by FitFlops, but were unaware of the class action, and did not opt-out, could be later barred from recovery because their sub-class had not been recognized and properly represented.

Mr. Blood said he was aware of Judge Kozinski's objection, but that he was completely unwilling to assist my effort to view discovery in the instant case or to assist me in getting the protective order modified so that I might have court permission to do so. We also discussed my interest in charitable work, and I told him that I was a volunteer at a non-profit charity here in Eugene.

Class Counsel now seeks to persuade this Court of the truth of the following allegations: 1) That I demanded $100,000 be paid to me in return for the termination of my appeal without any objection to the Settlement; 2) That my effort to proceed *in forma*

*pauperis* in the Florida case had been defeated; 3) That my appeal in this case was not taken in good faith; and 4) That my appearance at the Fairness Hearing in the Florida case shows that I am not a pauper. None of these allegation are true. All of these allegations are distortions manufactured and twisted for a deceitful purpose.

As to the 1st allegation, attached and marked as Exhibit "A" is the email exchange between Mr. Blood and myself. This shows clearly that the discussion of money had to do with his expressed interest in donating to the public charity I volunteer for. As Exhibit "A" shows he feigned interest in that charity, but his interest was deceitful, part of a pattern of dishonesty that he continues to display. I never asked for any money for myself nor suggested I would drop my appeal in return for money paid directly to me.

As to the 2nd allegation, my motion for leave to proceed *in forma pauperis* has not been ruled on by the Eleventh Circuit. Although Judge Moreno ruled against me, his ruling is not controlling. The Eleventh Circuit took that question up *de novo*, and without any reference to Judge Moreno's ruling. Exhibit "B" is a copy from Pacer that shows no decision has yet been rendered. Of course Class Counsel would prefer to disingenuously claim that this motion was denied.

As to Class Counsel's 3rd Allegation, my appeal is taken in good faith because it is based on the denial of my right to scrutinize Class Counsel's discovery to see if it was extensive enough to determine what the case is worth, and if it examined the possibility of sub-classes that are not being properly represented. To say that my appeal is not in good faith is similar to saying that Judge Kozinski's objection was not in good faith when he questioned the sufficiency of discovery in the Nissan case. Without being allowed to discover Class Counsel's discovery, one must assume that there is something to hide. Just

as in a criminal case where the defendant flees the jurisdiction and the prosecutor is allowed to argue that such behavior shows consciousness of guilt, Class Counsel's behavior of hiding discovery from class members shows consciousness of inadequate discovery.

As Class Counsel's fourth allegation that I am not a pauper because I traveled from Oregon to Florida for the Fairness Hearing in that case, while admitting that I failed to appear in this case, shows that Class Counsel have no shame and are perfectly willing to talk out of both sides of their mouths. I borrowed the money to travel to Florida. However, when the Fairness Hearing occurred in this case, I didn't appear because I didn't have the funds to make the trip. According to Class Counsel, I'm both damned if I do and damned if I don't.

I have filed my financial Statement including a copy of my food stamp card. There is not one item in that statement that Class Counsel disputes. Instead, they cite a case where another low income party with no expenses was required to pay the filing fee. Since I do have expenses (and am now being required to pay my monthly mortgage payment of $1778 as of July 1st or lose my home), that case does not apply to my situation.

### ARGUMENT FOR HAVING CLASS COUNSEL REMOVED, THE CLASS DECERTIFIED, AND THE IMPOSITION OF SANCTIONS

Although Rule 23(g) sets no particular requirements for objectors, it sets very high ethical standards for Class Counsels. In *Eubank v. Pella Corp.* (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit, citing *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3rd 913, 918 (7th Cir. 2011), in removing Class Counsel, stated:

4

> "Counsel for a certified class is appointed by the district judge presiding over the class action, and in deciding to appoint a lawyer to be class counsel the court 'may consider,' besides the lawyer's competence, experience, and related professional qualifications, 'any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.' Fed. R. Civ. P. 23(g)(1)(B), (g)(4). 'When class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class.'"

And in *Creative Montessori Learning Centers v. Ashford gear LLC*, supra, 662 F. 3rd at 918, the Court stated that even **minor misconduct** by class counsel **requires** denial of class certification:

> "To suggest as the district court did that 'only the most egregious misconduct' by class counsel should require denial of class certification on grounds of lack of adequate representation was bad enough. To rule that only the most egregious misconduct 'could ever arguably justify denial of class status,' as the court went on to hold, would if taken literally condone, and by condoning invite, unethical conduct. Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification."

In the instant case, as demonstrated by Exhibit "A," class counsel has deceitfully pretended to be interested in donating to a public charity and then misled the court as to why my motion to proceed *in forma pauperis* should be denied. Class counsel has also misled the court about the status of my similar motion in the Florida case now before the Eleventh Circuit (as shown by Exhibit "B"). Class Counsel's conduct has been unethical and shown a lack of integrity. Therefore, the court should deny Class Counsel's requests, remove class counsel, decertify the class until such time as new class counsel can be appointed, and impose sanctions on the current Class Counsel for their unethical behavior.

5

Exhibit "A"

-----Original Message-----
From: mpilot2001 <mpilot2001@aol.com>
To: TBlood <TBlood@bholaw.com>
Sent: Tue, Jun 10, 2014 10:38 am
Subject: Re: 501(c)(3)

-----Original Message-----
From: Tim Blood <TBlood@bholaw.com>
To: mpilot2001 <mpilot2001@aol.com>
Sent: Tue, Jun 10, 2014 10:27 am
Subject: RE: 501(c)(3)

That would be great. Thanks.

**From:** mpilot2001@aol.com [mailto:mpilot2001@aol.com]
**Sent:** Tuesday, June 10, 2014 10:26 AM
**To:** Tim Blood
**Subject:** Re: 501(c)(3)

Luvin Animal Rescue, Inc. EIN #45-5097308. It is current with IRS requirements, and if you wish, I can email you a copy of the letter from the IRS awarding us 501(c)(3) status.

Michael Narkin

-----Original Message-----
From: Tim Blood <TBlood@bholaw.com>
To: mpilot2001 <mpilot2001@aol.com>
Sent: Tue, Jun 10, 2014 10:16 am
Subject: 501(c)(3)

Michael -

Thanks for taking my call just now. What is the name of the 501(c)(3) you mentioned? Is it current with IRS requirements so it is able to accept donations?

**Timothy G. Blood**
**Blood Hurst & O'Reardon, LLP**

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619.338.1100
Facsimile: 619.338.1101
tblood@bholaw.com | www.bholaw.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.



Exhibit "B"

CPC ODS02716CPC <ods02716cpc@officedepot.com>

# Fwd: Case #14-11085 as of 6/16/2014
1 message

**mhn1st@aol.com** <mhn1st@aol.com>  Sat, Jun 21, 2014 at 11:38 AM
To: ods02716cpc@officedepot.com

-----Original Message-----
From: mpilot2001 <mpilot2001@aol.com>
To: MHN1st <MHN1st@aol.com>
Sent: Mon, Jun 16, 2014 10:28 am
Subject: Case #14-11085 as of 6/16/2014

| | |
|---|---|
| **Court of Appeals Docket #:** 14-11085<br>**Nature of Suit:** 4190 Other Contract Actions<br>Garry Varnes, et al v. JPMorgan Chase Bank, N.A., et al<br>**Appeal From:** Southern District of Florida<br>**Fee Status:** Fee Paid | **Docketed:** 03/12/2014<br><br>**Case Handler:** O'Guin, Denise E., A<br>(404) 335-6188 |
| **Case Type Information:**<br>  1) Private Civil<br>  2) Diversity<br>  3) - | |
| **Originating Court Information:**<br>  **District:** 113C-1 : 1:13-cv-21107-FAM<br>  **Court Reporter:** Gilda Pastor-Hernandez<br>  **Civil Proceeding:** Federico A. Moreno, Chief U.S. District Judge<br>  **Secondary Judge:** Alicia M. Otazo-Reyes, U.S. Magistrate Judge<br>  **Date Filed:** 03/28/2013<br>  **Date NOA Filed:** 03/12/2014 | |

| | | |
|---|---|---|
| 05/14/2014 | | Response filed by Peter A. Muhic for Garry Mitchell Varnes, Kathryn A. Varnes, Patricia A. McNeary-Calloway, Patrick Drexler, Joel Iseman, Sheila Mayko-Pazdan and Andrea North pursuant to court order dated 04/22/2014. (ECF: Peter Muhic) |
| 05/15/2014 | | RESPONSE to Motion to dismiss case with prejudice filed by Appellees AIZ and American Security Insurance Co. in 14-11085 [7139208-2] filed by Attorney David Denison Dishman for Appellants Theodore Stout and Efstathia Stout. (ECF: David Dishman) |
| 05/19/2014 | | MOTION MOOT: Motion for extension to file response to motion is MOOT [7160209-2] Motion filed by Appellants Efstathia Stout and Theodore Stout. Attorney filed response to unopposed motion for extension of time to file reponse to motion to dismiss before the motion was submitted to judge. (Unopposed motion fell through the cracks and was not submitted for ruling, meanwhile the response was filed). |
| 05/22/2014 | | Reply to response filed by Appellees American Security Insurance Co. and AIZ. (ECF: Franklin Burt) |

| | | |
|---|---|---|
| 05/28/2014 | | AMENDED Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Franklin G. Burt for Appellees AIZ and American Security Insurance Co.. On the same day the CIP is served, the party filing it must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/filing/cip.php or on the court's website. See 11th Cir. R. 26.1-2(b). (ECF: Franklin Burt) |
| 06/06/2014 | | filed by Attorney Gregory N. Woods for Appellant Leigh Aquino. (ECF: Gregory Woods) |
| 06/06/2014 | | Supplemental Authority filed by Appellants Patrick Drexler, Joel Iseman, Sheila Mayko-Pazdan, Patricia A. McNeary-Calloway, Andrea North, Garry Mitchell Varnes and Kathryn A. Varnes. (ECF: Peter Muhic) |
| 06/09/2014 | | Response to Supplemental Authority (28J) filed by Appellees American Security Insurance Co. and AIZ (ECF: Franklin Burt) |
| 06/09/2014 | | *MOTION to proceed IFP with CIP filed by Appellant Michael Narkin. Opposition to Motion is Unknown [7190564-1]* |
| 06/09/2014 | | Appellant's Certificate of Interested Persons and Corporate Disclosure Statement filed by Appellant Michael Narkin. |



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2014, I express mailed the foregoing to the Clerk of the Court. It is my understanding that the CM/ECF system will send notification of the filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Executed on June 21, 2014

By: *Michael Narkin*

6